**Edward Arthur MANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–01031–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 1993.

C.T. Hight, Liberty, for appellant.

Steve Green, Anahuac, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the felony offense of possession of cocaine over four hundred (400) grams. The case was tried to the Court. Appellant was found guilty and sentenced to sixty (60) years confinement in the Texas Department of Corrections—Institutional Division. We affirm.

On March 23, 1988, appellant was driving a U–Haul van east on Interstate 10. He was pulled over by a Texas Department of Public Safety Officer, for weaving and following an 18–wheel truck too closely. Officer Bean approached the van and asked the appellant for his driver's license and the U–Haul rental papers. The officer detected the odor of burnt marihuana inside the truck, and asked the appellant for consent to search the van. The appellant freely and voluntarily signed a form giving consent to search.

During his search, Officer Bean found a syringe in the glove box of the truck. In a banana box behind the driver's seat, Bean found an envelope containing a white powdery substance, and several bricks of a white substance which he immediately suspected were cocaine. Bean told his partner to place the appellant under arrest for possession of cocaine. Officer Bean and a narcotics agent searched the remainder of the van. They found five boxes containing packages of this white, powdery substance, with a total weight of over 200 pounds. The packages were sent to the DPS laboratory. The lab report stated that the substance found was cocaine, and in an amount well over 400 grams.

A hearing was held on Appellant's Motion to Suppress. At the hearing, the officers testified regarding the stop, search and the seizure. The trial court denied the Motion to Suppress.

The case was subsequently set for trial to the Court. Appellant pled not guilty and he and his attorney executed a stipulation of evidence which included:

(1) All evidence adduced at the hearing on the Motion to Suppress;

(2) A laboratory report from the Texas Department of Public Safety, and "the facts contained in the report"—(the facts showed that the substance seized was cocaine and was in excess of 400 grams); and

(3) A laboratory report from the Texas Department of Public Safety Crime Laboratory which showed that fingerprints lifted from some of the contraband packages were the appellant's.

Appellant also filed a waiver of trial by jury, signed by himself, his attorney, the State's attorney and the Court.

The prosecutor offered the stipulation and the lab reports into evidence, with the acknowledgement that appellant agreed that if the parties were present in court, they would testify to the same facts as deduced at the hearing on the motion to suppress. The Court asked the appellant if that was his stipulation, and he responded: "Yes." Appellant's attorney then told the Court that by stipulating to the evidence they did not waive their right to complain of "evidentiary matters that were complained about in the evidentiary hearing on the Motion to Suppress...." He stated that the Court could "take judicial notice of the prior testimony that was admitted for ... the Motion to Suppress...." The full response of appellant's attorney was long and confusing. Therefore, the Court attempted to clarify appellant's position and the following colloquy occurred:

The Court: All right. You are not in any way—in the event the Court is right on the Motion to Suppress, you are not in any way going to make—attack the sufficiency of the evidence based on the stipulation?

The response from appellant's attorney was again long and confusing, but he eventually assured the Court that he would not attack the *sufficiency* of the evidence, and only wanted to reserve his right to appeal the denial of the Motion to Suppress. The Court responded: "With that agreement, 14–A, B and C are admitted."

The State then called the arresting officer to the stand and began to put on evidence of the stop, search and seizure. After six recorded pages of testimony, appellant's attorney objected that the testimony was "irrelevant" because they "stipulated to this testimony" and it was "the exact testimony we heard before." The Court sustained the objection and the prosecutor responded that he would "speed it up."

In his first two points of error, appellant contends that the trial court erred in considering the stipulated evidence because the stipulation was not in compliance with TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.1993). Article 1.15 provides:

The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and

consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Appellant maintains that his written stipulation does not contain a waiver of his right to the appearance, confrontation and cross-examination of witnesses, and that the Court failed to sign a consent to stipulate.

A consent to stipulate was never signed by the Court, and the stipulation does not contain a waiver of the right to confront witnesses against the appellant. It is reversible error for the trial court to fail to sign a consent to stipulate, and to find the accused guilty without first obtaining a signed waiver of right to confront witnesses against the accused. *Messer v. State,* 729 S.W.2d 694, 698 (Tex.Crim.App. 1986). However, under the facts of this case, we will apply the doctrine of invited error. It is well established in Texas Criminal jurisprudence that an accused "cannot invite error and then complain thereof." *Capistran v. State,* 759 S.W.2d 121, 124 (Tex.Crim.App.1982), citing *Holmes v. State,* 140 Tex.Crim. 619, 146 S.W.2d 400 (1940) accord, *Moxie v. State,* 54 Tex.Crim. 529, 114 S.W. 375 (1908); *Ex parte Guerrero,* 521 S.W.2d 613, 614 (Tex.Crim.App. 1975); *Cadd v. State,* 587 S.W.2d 736, 741 (Tex.Crim.App.1979).

Appellant stipulated to the evidence, and failed to complain about the defects in content or in the Court's failure to sign and approve a consent to stipulate. His attorney then tried to cut short the State's presentation of evidence as being "irrelevant" and "repetitious." He told the Court that it could take "judicial notice" of all the testimony and evidence presented at the hearing on the Motion to Suppress. Finally, appellant's attorney assured the Court that he would only appeal the denial of the Motion to Suppress. Any error by the Court was clearly invited by the appellant, and he cannot now complain of or profit by such error. Points of error one and two are overruled.

Appellant also contends that the evidence is insufficient to prove the substance was cocaine, and that he knowingly possessed it. These points are also based on his claim that the stipulation was defective. However, even without the stipulation, the evidence presented at the time of trial was sufficient to affirm the trial court's judgment. The D.P.S. officer testified he found cocaine and a syringe. Appellant had fresh needle tracks on his arm, and his fingerprints were on the cocaine. Appellant was the only person in the U-Haul van and it was rented in his name. The laboratory reports were admitted into evidence without objection except as to the prior denial of the Motion to Suppress. The report was hearsay, but no hearsay objection was made. The report noted that the seized contraband tested to be cocaine, and was in an amount in excess of 400 grams. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found the appellant guilty of possession of cocaine over 400 grams. We overrule appellant's third and fourth points of error.

The judgment is affirmed.