**Eric Loray HEIDELBERG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00311–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 11, 2001.

L. Mickele Daniels, Houston, for appellant.

John Harrity, III, Houston, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and BAIRD.*

## OPINION

CHARLES F. BAIRD, Justice (Assigned).

Appellant was charged with the offense of aggravated sexual assault in three separate indictments. Each indictment alleged a distinct means of assaulting the same complainant. The cases were consolidated into a single trial. Appellant was acquitted in two of the cases but convicted in the third. The jury assessed punishment at twenty years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant raises two points of error. We affirm.

### I. Unwanted Response.

The first point of error contends the trial court erred in overruling appellant's objection to an answer from Carol Theising.

### A. Factual Summary.

Prior to trial, appellant filed a motion in limine requesting the State not broach the subject of any crimes, wrongs or acts ex-traneous of the offenses alleged in the indictments. The trial judge granted this motion. During trial, the State called Carol Theising, a Child Protective Services employee, who was assigned the task of investigating the complainant's allegations. As a part of her investigation, Theising met with appellant. During that meeting appellant denied the allegations. On cross-examination, the following exchange occurred:

Q. Okay. When you brought [appellant] in, did you get his side of the story?

A. I asked him to call my office so we could meet the next day.

Q. Okay. Is that in your notes?

A. I'm sorry?

Q. Is that in your notes?

A. It's what I'm reading right now.

Q. That's what you have in front of you, your notes, right?

A. No, I have my handwritten, what I—it's the chronological dates and times, that's what I have in front of me.

Q. Okay. Did you have in there your interview with [appellant]?

A. Yes, I have just brief words, for recollection.

Q. Okay.

A. Okay.

Q. You can go ahead and read what you recall.

A. I gave him the allegations. He denied it. He blamed other parties. He denied sexual assault of two women serving time—

DEFENSE COUNSEL: Objection, Judge, nonresponsive as to that, Your Honor.

THE COURT: Overruled. You asked her to read her notes.

During deliberations, the jury requested the court reporter read the testimony of Theising on the subject of what she said to appellant. The reporter read this testimony without objection. Jury deliberations

* Former Judge Charles F. Baird sitting by as-    signment.

resumed and approximately two and one-half hours later, the jury sent a second note stating they were deadlocked. The trial court responded by instructing the jury to continue deliberating. Approximately one hour and 45 minutes later, the jury sent a third note requesting more of Theising's testimony be read. Specifically, the note stated: "We need a continuation of [Theising's] testimony from the point where we stopped earlier tonight, to where the judge told [defense counsel] 'You asked her to read from her notes.'" Appellant objected to the additional reading of Theising's testimony as it violated the trial court's ruling on the motion in limine. The State responded that appellant had opened the door to this extraneous offense and had not moved to strike the response. In overruling the objection, the trial court stated: "Alright. This is the testimony that has been presented to the Jury. The Jury has already heard it. There was not a request made for the Court to strike the same. And you asked the question and she responded to it; therefore, I'm going to allow it to be read to the jury. Your objection is overruled." However, after the testimony was read, the trial court gave the following additional instruction to the jury: "I instruct you further that you are to consider and only consider those matters that have been submitted to you in the Charge of the Court and do not expand or consider anything else." Shortly thereafter, the jury returned its verdict acquitting appellant of two charges and convicting him on the third.

### B. Preservation of Error

The State contends appellant should not be heard to complain of Theising's response because Theising did nothing more than what appellant asked; she simply read her notes. In support of this contention, the State raises several theories which preclude appellate review. We now turn to address those theories as well as others discovered as a result of our independent research.

### 1. Invited Error

■ Under the doctrine of invited error, if a party requests or moves the court to make an erroneous ruling, and the court rules in accordance with the request or motion, the party responsible for the court's action cannot take advantage of the error on appeal. *See Capistran v. State*, 759 S.W.2d 121, 124 (Tex.Crim.App.1982). As the Court of Criminal Appeals stated in *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000), this is not a waiver of error previously committed but rather the exclusion from an appellate court's consideration of those actions requested in the trial court by the complaining party. Therefore, the doctrine of invited error is properly thought of, not as a species of waiver, but as estoppel. *Ibid.*

We hold the doctrine of invited error is not present in the instant case because appellant did not invite the trial court to under take the action about which he now complains. *Compare Prystash*, 3 S.W.3d at 531; *McCray v. State*, 861 S.W.2d 405, 409 (Tex.App.—Dallas 1993, no pet.) (defendant invited error by rejecting defensive issue in charge and complaining of its absence on appeal); *Mann v. State*, 850 S.W.2d 740, 742 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (defendant who stipulated to evidence and told court to take judicial notice of all testimony and evidence presented at another hearing, invited trial court error and could not complain on appeal); *Ex parte Hargett*, 827 S.W.2d 606, 607–608 (Tex.App.—Austin 1992, pet. ref'd) (defendant invited error when he told the court the case could be decided on the record and then complained on appeal that he was denied an evidentiary hearing). Therefore, we reject the State's invited error argument.

### 2. Opening the Door

■ The State next contends appellant cannot be heard to complain on appeal

because he opened the door to the extraneous matter. Under the opened-door doctrine, the defendant cannot intentionally broach a subject and then complain when the subject is subsequently pursued by the State.

In his questioning of Theising, appellant intended to portray appellant as having denied the allegations since the inception of the investigation. Appellant succeeded with the first portion of Theising's response: "I gave him the allegations. He denied it. He blamed other parties." However, Theising continued: "He denied sexual assault of two women serving time—." The latter response was contrary to what appellant intended and contrary to the trial court's ruling on appellant's motion in limine. Therefore, we hold appellant did not intentionally open the door to the extraneous matter.

### 3. Specifity of Objection

This Court has held that when a witness provides a response, a portion of which is responsive and another portion which is non-responsive, the defendant is required to specify which portion of the response was inadmissible. This specificity is required to preserve error for appellate review. *See Jackson v. State*, 889 S.W.2d 615, 617 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). However, neither the rules of evidence nor appellate procedure require this level of specificity if the subject of the complained of response was apparent. *See* Tex.R. Evid. 103(a)(1). *See also* Tex.R.App. P. 33.1(a)(1)(A).[1] The

rules of evidence take precedence over and trump decisional authority. *See* Tex.R. Evid. 101(c). Consequently, the rule of *Jackson* is limited to situations where the subject of the nonresponsive answer was not apparent. In the instant case, *Jackson* is not controlling because it was apparent to the trial court which portion of Theising's hybrid response was inadmissible.

### 4. Objections and Motions to Strike

Rule 103(a)(1) of the Texas Rules of Evidence provides that error in admitting evidence may be preserved by an objection or motion to strike. *See* n. 1, *supra*. Objections are the most common method in our jurisprudence for preserving error. An objection is an action taken by counsel to call the court's attention to improper evidence or procedure. *See* Black's Law Dictionary, 6th Ed., pg. 1073. If possible, an objection to improper evidence should be made before the evidence is admitted. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991). These objections should be heard outside the presence of the jury. *See* Tex.R. Evid. 103(c). If the objection is overruled and the evidence deemed admissible, the objection is deemed to apply when the evidence is subsequently admitted before the jury. *See* Tex.R. Evid. 103(a)(1).[2] However, when it is not possible to object before the evidence is admitted, the objection must be lodged as soon as the objectionable nature of the evidence becomes apparent. If the objection is sustained, the defendant must move to strike the evidence, that is, to

1. Specifically, Rule 103(a)(1) provides: *Objection*. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections. Also Rule 33.1(a)(1)(A) of the Rules of Appellate Procedure provides that specificity is not

required if "the specific grounds were apparent from the context." Tex.R.App. P. 33.1(a)(1)(A).

2. As a caveat, we note that if the defendant's attorney affirmatively states that he has no objection to the admissibility of the evidence when it is subsequently introduced at trial, he waives the right to complain of its admission on appeal. *See Hardin v. State*, 951 S.W.2d 208, 210 (Tex.App.—Houston [14th Dist.] 1997, no pet.) (citing *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985)).

have it removed from the body of the evidence the jury is allowed to consider. *See Ethington,* 819 S.W.2d at 858; *McMillon v. State,* 940 S.W.2d 767, 769–770 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd).

▮▮▮▮ In addition to the latter scenario, motions to strike are commonly used in connection with the doctrine of conditional relevance. Under this doctrine, a trial judge may admit evidence lacking authentication on the condition that the offering party authenticate the evidence, or connect it up, at a later time. *See* TEX.R. EVID. 104(b); *Fuller v. State,* 829 S.W.2d 191, 198–99 (Tex.Crim.App.1992), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993); S. Goode et al., Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal § 104.2 (1993). If sufficient authentication or connection does not appear by the close of the proponent's evidence, the opposing party must renew the original objection by a motion to strike the conditionally admitted evidence. Failure to do so constitutes waiver by the opposing party for purposes of appeal. *See Powell v. State,* 898 S.W.2d 821, 829 (Tex.Crim.App.1994), *cert. denied,* 516 U.S. 991, 116 S.Ct. 524, 133 L.Ed.2d 431 (1995).

▮▮▮ The instant case does not present a scenario requiring an objection because

Theising's response was not objectionable. While the response was not what appellant intended, it was nevertheless the response he requested in stating: "go ahead and read what you recall." To hold that one may object to a direct response to his own question would torture logic and reason. Therefore, the trial court properly overruled appellant's objection to Theising's answer.[3]

▮▮▮ The only remaining question is whether appellant was required to move to have the response stricken to preserve this issue for our review. As noted above, Rule 103(a)(1) provides that either an objection or motion to strike may preserve error. In the scenarios discussed above, either an objection alone is sufficient, or both an objection and a motion to strike are required to preserve an error for appellate review. However, the rule uses the disjunctive. Therefore, for the plain language of the rule to have effect there must be scenarios where a motion to strike alone is required to preserve an issue for appellate review. This, we believe, is one of those situations. We hold, therefore, that when evidence is elicited in direct response to the defendant's question but a portion of that evidence is not admissible, the complaining party must ask that the inadmissible evidence be stricken.[4] The

3. We pause here to note that Theising did not violate appellant's motion in limine. When a trial court issues an order granting such a motion, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. Noncompliance with that order may lead to contempt or other sanctions the trial court deems appropriate. *See Harnett v. State,* 38 S.W.3d 650, 651 (Tex-App.—Austin 2000) (citing *Brazzell v. State,* 481 S.W.2d 130, 131 (Tex.Crim.App.1972)). *See also Lassiter v. Shavor,* 824 S.W.2d 667, 669 (Tex.App.—Dallas 1992, no writ) (holding in civil case trial court may strike a party's pleadings as a sanction for violation of an order in limine if the circumstances warrant); *Weidner v. Sanchez,* 14 S.W.3d 353 (Tex. App.—Houston [14th Dist.] 2000, n.w.h.). Therefore, Theising was presumably informed of the order granting appellant's motion in

limine and, pursuant to that order, neither the State, nor Theising broached the subject of extraneous offenses on direct examination. However, on cross-examination, appellant broached the subject, albeit inadvertently, when he asked Theising to read her notes.

4. The Concurring Justice would hold that once a party poses a question, he has waived any complaint to that answer, even if it was unintended, unfavorable, or otherwise inadmissible. *See infra* at 676. However, experience teaches that the vagaries of trial are not conducive to such a stern rule. The trial of a criminal case is rarely perfect. Instead, the endeavor is often riddled with imperfections stemming from questions, responses, arguments and rulings made innocently or inadvertently. Such imperfection is to be expected in an arena where levels of intellect,

judge should respond by instructing the jury to disregard the inadmissible portion(s) of the response, thereby removing it from the body of the evidence the jury is allowed to consider. This course of action was not pursued by appellant. When a motion to strike is required but is not made, the testimony is before the jury for whatever it is worth. *See Rodriguez v. State*, 903 S.W.2d 405, 410 (Tex.App.—Texarkana 1995, pet. ref'd) (citing *Prudential Insurance Co. of America v. Uribe*, 595 S.W.2d 554 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Southwest Title Insurance Co. v. Northland Building Corp.*, 542 S.W.2d 436 (Tex.Civ.App.—Fort Worth 1976), *aff'd in part, rev'd in part*, 552 S.W.2d 425 (Tex.1977)).

Accordingly, we hold the complaint of Theising's response relating to appellant's extraneous conduct was not preserved for our review because appellant did not move to strike that portion of the response. Therefore, that portion of Theising's testimony was before the jury for whatever it was worth. The first point of error is overruled.

## II. Expert Testimony

The second point of error contends the trial court erred in precluding the testimony of appellant's expert witness.[5]

articulation and maturity vary greatly. In such a climate, therefore, the better practice is to prevent a party from predicating error as a result of his own inadvertence. To hold otherwise would encourage carelessness. But we should permit the trial court to remove from the jury's consideration matters inadvertently admitted which were not properly related to the case on trial. Accordingly, appellant could not predicate this point of error on the trial court's overruling the objection to Theising's response, but appellant was entitled to have the inadmissible portion of that response stricken because the jury was not permitted to consider the extraneous offenses when determining appellant's guilt of the instant offenses.

## A. Factual Summary

During his case-in-chief, appellant called Dr. Tom Gorsuch as a witness. Prior to the jury hearing any testimony from Dr. Gorsuch, the State moved to take the witness on voir dire outside the presence of the jury. *See* Tex.R. Evid 705(b). The trial court excused the jury and conducted a lengthy hearing to determine the admissibility of Dr. Gorsuch's testimony. The hearing essentially consisted of the following three parts:

### i.

During the initial voir dire, Dr. Gorsuch established he was a psychologist and described his education, training and experience in the field of psychology. Dr. Gorsuch testified that he had experience with children who had experienced behavioral problems stemming from sexual abuse. In preparation for his testimony, Dr. Gorsuch reviewed the complainant's video taped interview, medical examinations and some notes regarding the complainant's grandmother. He noted that he had not spoken to the complainant. Additionally, Dr. Gorsuch discussed the case with a social worker of 32 years, and two doctors.[6] Dr. Gorsuch formed the opinion the complainant was fabricating the events which gave rise to the instant allegations. The State objected to Dr. Gorsuch being permitted to testify before the jury and cited *Schutz v.*

5. Within this point of error, appellant also contends he was denied his right to confront the complainant. However, appellant neither briefed nor argued that contention. When a party raises a point of error without citation of authorities or argument, nothing is presented for appellate review. *See Woods v. State*, 569 S.W.2d 901, 905 (Tex.Crim.App.1978); *McWherter v. State*, 607 S.W.2d 531, 536 (Tex. Crim.App.1980). However, appellant does argue this point in the context of Rule 702 of the Texas Rules of Evidence. Therefore, we address this point of error only in that context.

6. The social worker was Dr. Gorsuch's sister, Connie Gorsuch.

*State*, 957 S.W.2d 52 (Tex.Crim.App.1997), in support of its objection.

Appellant then questioned Dr. Gorsuch at which time he stated he was in court to provide his professional opinion as to whether the allegations were "false and lacking in veracity." In Dr. Gorsuch's opinion, the allegations were not true. This conclusion was based upon a number of inconsistencies in the video taped interview of the complainant.

The trial court then questioned Dr. Gorsuch primarily on the bases supporting his opinions. Dr. Gorsuch stated that in addition to testifying that the complainant fabricated the allegations, she had a motive to do so. Doctor Gorsuch testified the complainant was motivated by the fact that she had been the alpha female in her home with appellant and she was displaced from that position when appellant married.

The trial court concluded this portion of the hearing by ordering the State to make the complainant available to Dr. Gorsuch to interview.

#### ii.

Following his interview with the complainant, Dr. Gorsuch testified that he was only partially able to substantiate his hypotheses because, prior to the interview, the complainant had been told that Dr. Gorsuch believed the complainant was lying about her allegations against appellant. Dr. Gorsuch, nevertheless, maintained his original opinion although he altered the wording of the opinion from the complainant "lying" to the complainant giving "misinformation." Dr. Gorsuch again hypothesized the complainant's allegations were motivated by being displaced by appellant's marriage. The allegations conflicted with the facts known by Dr. Gorsuch, such as where the offense occurred. However, when questioned by the State, Dr. Gorsuch admitted that he was testifying that the complainant was lying.

At the conclusion of this portion of the hearing, the trial court accepted Dr. Gorsuch as a "qualified, well trained and experienced psychologist." However, the trial court was concerned about whether Dr. Gorsuch's opinion would be helpful to the jury. The trial court recessed the hearing to review the authority submitted by the parties and to independently research the issue.

#### iii.

When the hearing resumed, the trial court ruled Dr. Gorsuch had no expert testimony that would be helpful to the jury and that the opinions he would offer would be supplanting the jury's duty. Therefore, Dr. Gorsuch was not permitted to testify before the jury.

#### B. Analysis.

■■■ An appellate court reviewing a trial court's ruling on the admissibility of evidence must utilize an abuse-of-discretion standard of review. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim. App.2000) (citing *Prystash v. State*, 3 S.W.3d 522, 527 (Tex.Crim.App.1999)). An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree, *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990), and when the trial court's acts are arbitrary and unreasonable without reference to any guiding rules or principles. *Id.* at 380.

■■■ Under Rule 702 of the Texas Rules of Evidence, to be admissible, expert testimony must be both reliable and relevant to help the jury in reaching accurate results. *See Jordan v. State*, 928 S.W.2d 550 (Tex.Crim.App.1996); *Kelly v. State*, 824 S.W.2d 568, 572 (Tex.Crim.App.1992). Regarding the "reliability" prong of Rule 702, we recognize that experts are permitted to testify in a limited fashion in child sexual abuse cases. *See Duckett v. State*, 797 S.W.2d 906 (Tex.Crim.App.1990). However, in such cases, the expert testimony may not be offered to support the proposition that the complainant is truthful

or untruthful because such testimony is not relevant or helpful under the second prong. *See Yount v. State*, 872 S.W.2d 706, 711 (Tex.Crim.App.1993) ("[E]xpert testimony that a particular witness is truthful is inadmissible under [TEX.R. EVID.] 702."). Following *Duckett* and *Yount*, the Court of Criminal Appeals in *Schutz* explained:

> To be admissible, expert testimony must 'assist' the trier of fact. Tex.R.Crim.Ev. 702; *Duckett v. State*, 797 S.W.2d 906, 914 (Tex.Crim.App.1990). Expert testimony assists the trier of fact when the jury is not qualified to 'the best possible degree' to determine intelligently the particular issue without the help of the testimony. *Duckett*, 797 S.W.2d at 914. But, the expert testimony must aid—not supplant—the jury's decision. *Id.* Expert testimony does not assist the jury if it constitutes 'a direct opinion on the truthfulness' of a child complainant's allegations. *Yount v. State*, 872 S.W.2d 706, 708 (Tex.Crim.App.1993).

*Id.*, 957 S.W.2d at 59 (footnotes omitted).

When the trial court's decision to preclude the testimony of Dr. Gorsuch is viewed in light of *Schutz* and *Yount*, we cannot find that decision was so clearly wrong as to lie outside the zone of reasonable disagreement, *Montgomery v. State*, 810 S.W.2d at 391, or that it was arbitrary and unreasonable. *Id.* at 380. Clearly, Dr. Gorsuch was to give his opinion as to the truthfulness of the complainant and her allegations. Whether he would ultimately testify the complainant was "lying" or providing "misinformation" is merely a matter of semantics. His opinion under either theory would be the complainant was untruthful, thereby supplanting the jury's role of determining the credibility of the witness. Accordingly, we hold the trial court did not abuse his discretion in precluding the testimony of Dr. Gorsuch. The second point of error is overruled.

The judgment of the trial court is affirmed.

EDELMAN, Justice, concurring.

I concur with the majority opinion except in its conclusion on the first point of error that appellant's complaint was not preserved because appellant failed to assert a motion to strike. Simply put, appellant failed to preserve his appellate complaints based on extraneous offense and violation of the motion in limine because his objection at trial complained only of nonresponsiveness,[1] which the majority opinion correctly concludes was not a valid ground of objection.

Most importantly, I disagree with the majority opinion that a party who inadvertently elicits unfavorable testimony to which no objection applies can nevertheless have that evidence stricken as inadmissible. In this regard, I first disagree with the majority that it is even theoretically possible for evidence to somehow be inadmissible, yet not be subject to any objection, but still be subject to a motion to strike.[2] It is axiomatic that to whatever extent a ground exists for a motion to strike, that ground would apply equally to an objection. Conversely, if no objection exists, the evidence is neither inadmissible nor subject to a motion to strike.

In addition, a party introducing evidence at trial cannot complain on appeal that the evidence was erroneously admitted. *See, e.g., Ohler v. United States*, 529 U.S. 753, 120 S.Ct. 1851, 1853, 146 L.Ed.2d 826 (2000). In this case, once appellant's question was posed without being qualified, objected to, or withdrawn, and a respon-

---

1. *See, e.g., Ibarra v. State*, 11 S.W.3d 189, 196–97 (Tex.Crim.App.1999).

2. Moreover, to the extent the majority opinion suggests that an objection can be insufficient to preserve error on the admission of evidence where the objection is overruled, *i.e.*, because the error could only be preserved by a motion to strike, I also disagree. On the contrary, a motion to strike, request for instruction to disregard, or request for mistrial becomes necessary only after an objection has been *sustained.*

sive answer was given, appellant waived any complaint to that answer, even if it was unintended, unfavorable, or otherwise inadmissible.  To avoid such a problem, appellant need only to have refrained from asking a question that was either overly broad or to which he did not know the answer.  Having failed to do so, he cannot be heard to complain with a motion to strike or otherwise that the testimony he himself elicited was inadmissible.

In this regard, footnote 4 in the majority opinion states, in part, "the better practice is to prevent a party from predicating error as a result of his own inadvertence.  To hold otherwise would encourage carelessness."  I completely disagree that it is the job of any court to prevent a party or his lawyer from making mistakes.  For a court to do so would obviously remove it from any position of impartiality.

FOWLER, J. joins in this concurrence.