NUMBER 13-00-768-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ROEL CONTRERAS A/K/A DODY CONTRERAS , Appellant,


v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 36th District Court

of Aransas County, Texas.

__________________________________________________________________



O P I N I O N



Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Roel Contreras (Contreras), brings this appeal following a conviction for aggravated assault with a deadly
weapon. By three issues, Contreras generally contends (1) the trial court erred in allowing irrelevant extraneous evidence
during the guilt/innocence phase of the trial, (2) the conviction was solely based on accomplice testimony, and (3) the State
argued facts not in the record. We affirm.

Virginia Knapp and Contreras had an extra-marital affair for approximately four years. Contreras was the manager of a bar
where Knapp was a waitress. In exchange for helping Knapp out financially, Contreras expected her to wear a pager and to
immediately respond to his pages. Knapp grew tired of Contreras and the control he asserted over her. On December 30,
1998, Knapp went out with friends and received a page from Contreras. Knapp did not return his page. When she arrived
home, Contreras was waiting for her. After a heated exchange, Contreras left Knapp's home. However, he returned the
same evening and, after another argument, Contreras performed a digital penetration on Knapp to verify she had not
engaged in any sexual activity that evening. On January 12, 1999, after Knapp told Contreras she no longer loved him and
wanted to end the affair, Contreras forced Knapp on the couch, positioned himself on top of her, and tore her panties.
Knapp went to her mother's immediately after the incident. The next few nights, she had friends stay with her. On January
15, 1999, Knapp and her roommate returned to their apartment after work. As they got out of their vehicle, they were
attacked by three men hired by Contreras to commit the offense. Knapp's roommate died as a result of the attack and
Knapp suffered numerous injuries. Following a jury trial, Contreras was found guilty of aggravated assault with a deadly
weapon and sentenced by the trial court to fifty years confinement.

In his first issue, Contreras contends the trial court erred by admitting evidence of extraneous offenses during the
guilt/innocense phase of trial. The State claims Contreras failed to preserve error. Contreras objected to testimony about
the panty-tearing incident, the digital penetration, and his selling alcohol to minors. His objections, which were based on
rule 403 of the rules of evidence, (1) were made outside the presence of the jury. The trial court's ruling allowed testimony
regarding the digital penetration and the serving of alcohol to minors, but sustained the objection to evidence of the
panty-tearing incident. When testimony regarding these extraneous offenses was introduced, Contreras made no further
objection. Rule 103 (a)(1) of the rules of evidence provides that when the trial court hears objections to offered evidence
outside the presence of the jury, those objections shall apply to such evidence when it is admitted before the jury without
the necessity of repeating those objections. See Tex. R. Evid. 103(a)(1); Ethington v. State, 819 S.W.2d 854, 859 (Tex.
Crim. App. 1991); Heidelberg v. State, 36 S.W.3d 668, 672 n.1 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Therefore,
Contreras was not required to repeat his objections. Error has been preserved for our review. 

A trial court's ruling on the admission or exclusion of evidence is reviewed under an abuse of discretion standard. 
SeeGreen v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim.
App. 1990). We will not reverse a trial court if the ruling is within the "zone of reasonable disagreement." See Salazar v.
State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001).

Rule 403 allows the admission of all relevant evidence unless the probative value is substantially outweighed by the danger
of unfair prejudice. See Tex. R. Evid. 403. The relevant criteria in determining whether the prejudice of an extraneous
offense substantially outweighs its probative value include:

(1) how compellingly the extraneous offense serves to make a fact of consequence more or less probable- a factor which is
related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way;"

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of
the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other
probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

Utilizing the above criteria, the prejudice of evidence of Contreras's sexual assault (digital penetration), assault (ripping
Knapp's panties), and serving alcohol to minors (three of whom committed the aggravated assault for Contreras) does not
outweigh its probative value. Evidence of the two assaults, as well as other incidents of physical abuse which were
introduced without objection, showed an ongoing, abusive relationship in which Contreras asserted control over Knapp and
that he was upset when she decided to end the affair. The evidence was necessary to complete the picture. Absent any
evidence of this abuse and incidents of assault, the jury would not have a complete or accurate understanding of the facts.
Likewise, the evidence that Contreras served alcohol to minors showed how Contreras gained control over his accomplices
and how he persuaded them to commit the assault. (2) Without this evidence, the jury would not have been provided a
complete or accurate understanding of the relationship between Contreras and the three minors. Thus, the trial court did
not abuse its discretion in concluding that the danger of unfair prejudice did not substantially outweigh the probative value
of this evidence. Contreras's first issue is overruled.

In his second issue, Contreras contends he was not found guilty beyond a reasonable doubt because his conviction was
based solely on testimony of the three accomplices. Under the code of criminal procedure, a conviction cannot be based on
the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the
offense committed. See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). Further, the corroboration is not sufficient
if it merely shows the commission of the offense. Id. In order to determine whether the accomplice witness testimony is
corroborated, we must eliminate all accomplice evidence and determine whether the evidence of the other witnesses tends
to connect Contreras with the commission of the offense. See McDuff v. State, 939 S.W.2d 607, 612 (Tex. Crim. App.
1997); Thompson v. State, 54 S.W.3d 88, 93 (Tex. App.-Tyler 2001, no pet.). The non-accomplice testimony need not be
sufficient by itself to establish Contreras's guilt beyond a reasonable doubt, nor directly link Contreras to the commission of
the offense. See McDuff, 939 S.W.2d at 612;Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). Because
the accomplice witness rule is not based upon federal or state constitutional notions of sufficiency, there simply needs to be
"other" evidence tending to connect the defendant to the offense. See Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001); Cathey v. State, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999). Accomplice witness testimony can be
sufficient to support a conviction under the legal sufficiency standard dictated by Jackson v. Virginia, 443 U.S. 307, 319
(1979); however, under state law, if the State fails to produce any non-accomplice evidence connecting the defendant to the
offense, the defendant is entitled to an acquittal. Taylor v. State, 10 S.W.3d 673, 685 (Tex. Crim. App. 2000); see also Tex.
Code Crim. Proc. Ann. art. 38.17 (Vernon 1979).

In this case, Knapp testified in great detail about her relationship with Contreras. She testified he was very controlling and
manipulative. She further testified he was abusive and, on at least two prior occasions, physically and sexually abused her.
Contreras was unwilling to end the affair and towards the end of it, repeatedly called Knapp's mother to find her
whereabouts. Further, Knapp's mother testified Contreras made a threat that if "he could not have her, no one will." This
threat was made one week prior to the assault and while Knapp was trying to end the unwanted affair. Thus, after
eliminating the accomplice witnesses testimony from our consideration and conducting an examination of the
non-accomplice evidence, we conclude the non-accomplice evidence tends to connect Contreras to the aggravated assault.
Accordingly, Contreras's second issue is overruled.

In his third issue, Contreras contends he was denied a fair trial because the State argued facts not in evidence. Contreras
appears to complain of the following statement made during closing argument: (3)

The law enforcement worked and worked and worked to get this case together. And the thing that rings in my mind so very
vividly right now is this: The morning that kid was laying on the stretcher in that emergency room and her mother is
standing beside her, she said, "If you don't tell the police about it, I will." And if a mother don't know what's going on
under these circumstances better than anybody else. She said, "Dody Contreras did this the morning this happened." And
the officers talked to them that night, talked to him that evening[.] 

After Contreras objected to these comments, the trial court sustained the objection and instructed the jury to disregard.
Contreras did not ask for a mistrial. The proper method of pursuing an objection until an adverse ruling is to (1) make an
objection, (2) request an instruction to disregard, and (3) move for a mistrial. See Fuentes v. State, 664 S.W.2d 333, 336
(Tex. Crim. App. 1984); Gallegos v. State, 918 S.W.2d 50, 57 (Tex. App.-Corpus Christi 1996, pet. ref'd). Because
Contreras failed to request a mistrial after the court sustained his objection and instructed the jury to disregard, he failed to
pursue his objection until he got an adverse ruling. See Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991).
Any error was therefore waived. See id. Accordingly, we overrule Contreras's third issue.

The judgment of the trial court is affirmed. 

NELDA V. RODRIGUEZ

Justice

Do not publish .

Tex. R. App. P. 47.3.

Opinion delivered and filed

this 21st day of February, 2002.

 

1. Rule 403 of the Texas Rules of Evidence states, "[a]lthough relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations
of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403.

2. There was also evidence that Contreras sold cocaine to his accomplices. This evidence was introduced without
objection.

3. Contreras failed to cite to a place in the record where the State's improper arguments are located. See Tex. R. App. P.
38.1(h).