# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00161-CR

**Gregory Allen Watson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TARRANT COUNTY, 396TH JUDICIAL DISTRICT
### NO. 0688991D, HONORABLE GEORGE WILLIAM GALLAGHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gregory Allen Watson appeals from his conviction for aggravated sexual assault of a child under fourteen years of age. *See* Tex. Pen. Code Ann. ' 22.021 (West 2003). After the jury found appellant guilty, the trial court assessed punishment at twenty-five years= confinement in the Texas Department of Criminal JusticeCInstitutional Division. We affirm the trial court=s judgment.

Inasmuch as appellant does not challenge the sufficiency of the evidence, we recite only that the case involves the sexual abuse of his daughter, J.W. Appellant=s only point of error contends that the trial court denied his Sixth Amendment right to present a defense. *See* U.S. Const. amend. VI; *Washington v. Texas*, 388 U.S. 14, 19 (1967). Appellant=s specific complaint is the exclusion of the

testimony of Deborah Moore, an expert witness who would have testified that based on Moore=s review of videotaped interviews with J.W., her accusation of sexual abuse was not credible.[1]

We review the trial court=s decision to admit or exclude evidence under an abuse of discretion standard. *Prystash v. State*, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999); *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990). An abuse of discretion occurs when a trial court=s decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996); *Montgomery*, 810 S.W.2d at 391. To be admissible, expert testimony must be both reliable and relevant to assist the jury in reaching accurate results. *See Jordan v. State*, 928 S.W.2d 550, 553-54 (Tex. Crim. App. 1996); *Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992); *see also* Tex. R. Evid. 702 (expert testimony).

Expert testimony, however, may not be offered to support the proposition that a particular witness, or class of witnesses, is truthful or untruthful. *See Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); *Heidelberg v. State*, 36 S.W.3d 668, 676 (Tex. App.CHouston [14th Dist.] 2001, no pet.). Expert testimony does not assist the jury if it constitutes a direct opinion on the truthfulness of a child complainant=s allegations. *Yount*, 872 S.W.2d at 707-08 (citing and discussing *Duckett v. State*, 797 S.W.2d 906 (Tex. Crim. App. 1990)); *Heidelberg*, 36 S.W.3d at 676. Instead, such testimony supplants the role of a jury. *See Yount*, 872 S.W.2d at 709; *Heidelberg*, 36 S.W.3d at 676. Once an expert

---

[1] The videotapes Moore reviewed also included statements by J.W.=s brother, D.W. The videotapes were never admitted in evidence; D.W. did not testify. Moore did not interview the children directly.

imparts specialized knowledge to the jury, jurors are just as capable as the expert in drawing conclusions about the credibility of the parties in issue. *Yount*, 872 S.W.2d at 710.

The purpose of Moore=s testimony was to offer a direct opinion on the truthfulness of J.W.=s accusation, an impermissible purpose. *See Yount*, 872 S.W.2d at 707-08. Further, appellant called J.W. as a witness.[2] She was examined and cross-examined; the jury had the opportunity to evaluate her credibility directly, including any inconsistent statements she may have made or given. Appellant thus exercised his Sixth Amendment right to confrontation and was not denied his right to present his case by challenging the testimony of the prosecution=s witnesses. *See Washington*, 388 U.S. at 19.

The trial court did not abuse its discretion in excluding Moore=s testimony. We overrule appellant=s only point of error and affirm the trial court=s judgment.

_____

Jan P. Patterson

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 17, 2003

Do Not Publish

---

[2] At the time of Moore=s *voir dire*, J.W. had not yet testified. After J.W. testified, appellant re-offered Moore=s testimony. The trial court again refused to allow Moore to testify.