NO. 07-04-0100-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 16, 2005
_____

LELAND RAY MILBURN

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31st DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2533; HON. STEVEN R. EMMERT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Leland Ray Milburn appeals his conviction for possessing a controlled substance. His two issues concern whether the trial court erred in refusing to instruct the jury on probation and in admitting an exhibit evincing a prior misdemeanor conviction for possessing marijuana. We affirm.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Underlying the first issue is the question of whether appellant had previously been convicted of a felony. Though previously convicted of one days before being tried for the offense giving rise to this appeal, appellant argues that the conviction could not be deemed final since it was still subject to appeal. That is, appellant does not argue that the conviction was appealed but that the time within which an appeal could be perfected had not lapsed. And, because of this, the prior conviction could not be considered final for purposes of determining appellant's entitlement to probation. We disagree.

The Court of Criminal Appeals recently held: ". . . when there is no evidence that a defendant ever filed a notice of appeal, a conviction is deemed to be final on the date of sentencing." *Jones v. State*, 77 S.W.3d 819, 820 (Tex. Crim. App. 2002).[2] We are cited to no evidence of record indicating that, at the time this cause was tried, the prior conviction of which appellant speaks was appealed. Nor does our review of the record uncover any such evidence. So, because one cannot receive probation if previously convicted of a felony, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, §4(e) (Vernon Supp. 2004-2005) (stating that a defendant is eligible for community supervision or probation if before trial begins the defendant files a sworn motion stating that he has not previously been convicted of a felony, among other things), and nothing of record illustrates that his prior felony conviction had been appealed, then the trial court was not obligated to instruct the jury on probation.

As to the admission of the prior misdemeanor conviction for possessing marijuana, we find the error, if any, was waived. This is so because by the time appellant objected,

---

[2]Appellant asks that we not follow *Jones*. Given that it is an opinion of the Court of Criminal Appeals, we must follow it.

he, through his counsel, had already solicited testimony about the conviction. Having personally introduced evidence of the conviction earlier, appellant cannot complain when the State also addresses the subject. *Heidelberg v. State,* 36 S.W.3d 668, 672 (Tex. App. –Houston [14th Dist.] 2001, no pet.)

Moreover, the ground underlying appellant's complaint on appeal was not mentioned at trial. Here, he relies on Rule 609 of the Texas Rules of Evidence to assert that only a prior felony conviction could be used to impeach a witness and the conviction at issue was simply a misdemeanor. Yet, appellant said nothing of Rule 609 below, relying instead upon Rules 403 and 404(b). Because the grounds uttered now were unmentioned at trial, they were and are waived. *See* TEX. R. APP. P. 33.1; *Santellan v. State*, 939 S.W.2d 155, 171 (Tex. Crim. App.1997) (holding that the grounds asserted on appeal must comport with those raised at trial otherwise they are waived).

Accordingly, we overrule both issues of appellant and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.

3