# NO. 12-21-00016-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HUBERT E. SEATON, JR.,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Hubert E. Seaton, Jr., appeals the revocation of his community supervision. He presents three issues on appeal. We modify and affirm as modified.

## BACKGROUND

In 2016, Appellant was charged by indictment with third-degree felony evading arrest with a motor vehicle.[1] Pursuant to a plea agreement, Appellant pleaded "guilty" to the charge. The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for ten years but suspended Appellant's sentence and placed him on community supervision for ten years.

In November 2020, the State filed a motion to revoke Appellant's community supervision alleging that Appellant violated multiple terms and conditions thereof. The trial court conducted a hearing on the matter, at which Appellant pleaded "not true" to all of the allegations. Following the hearing, the trial court found the allegations in the State's motion to be "true." Thereafter, the trial court revoked Appellant's community supervision and sentenced him to imprisonment for eight years. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016).

## TIME PAYMENT FEE

In his first issue, Appellant argues that the assessment of the time payment fee is both facially unconstitutional and premature. The State concedes the time payment fee was prematurely assessed and joins Appellant's request that this Court delete the time payment fee.

The trial court's judgment sets forth that Appellant is obligated to pay court costs in the amount of $565.50. The bill of costs itemizes the costs imposed, which total $565.00. The bill of costs also includes a $25.00 "time payment" fee. And there is a notation below the list of currently owed fees that "[a]n additional time payment fee of $15.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs or restitution is entered." *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

The court of criminal appeals recently held that the pendency of an appeal "stops the clock" for purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. 2021). Consequently, the assessment of the time payment fee in Appellant's case is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that he owes. ***Id.***[2] We sustain Appellant's first issue.

## HEARSAY

In his second issue, Appellant urges the trial court abused its discretion in admitting certain hearsay testimony.

### Standard of Review and Applicable Law

We review a trial court's evidentiary rulings for abuse of discretion. ***Oprean v. State***, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. ***Willover v. State***, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse unless the

---

[2] Because the fee assessment Appellant challenges in his first issue is premature, we do not consider the constitutionality of the fee. *See* TEX. R. APP. P. 47.1.

trial court's ruling falls outside the "zone of reasonable disagreement." ***Oprean***, 201 S.W.3d at 726.

Hearsay is generally not admissible. *See* TEX. R. EVID. 802. Once an opponent of hearsay objects, it becomes the burden of the proponent to establish that an exception makes the hearsay admissible. ***Taylor v. State***, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). One such exception is provided in Rule of Evidence 803(6) for business records. Under this exception, "A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness] if: (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted business activity; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . . ; and (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. TEX. R. EVID. 803(6).

## Analysis

At the revocation hearing, the State called probation officer Marcela Flores to testify. Officer Flores is the custodian of records for the probation department. Prior to Officer Flores' testimony regarding the content of Appellant's probation records, Appellant objected. He urged the State failed to establish the appropriate predicate for the business records exception. His objection was overruled. However, immediately thereafter, the State questioned Officer Flores as follows:

> Q Okay. Just so we can get it on the record, all of the information contained in each probationer's file, how do you guys keep track of that information?
> A We have the file where we keep the documentation of office visits, UAs, and we also scan that information into CSS.
> Q And all of the information that's in those files, is that made by or transmitted by someone who has knowledge of the information at the time of each thing that was made?
> A Yes, ma'am, the supervising officers.
> Q And each document, whether it's a violation report, a UA report, anything like that, anything in that file, those are made at or near the time of each event that occurred?
> A Yes, ma'am.
> Q And those are made in the regular course and scope of business of the probation department?
> A Yes, ma'am.
> Q And are they kept in the regular course and scope of the business of the probation department?
> A Yes, ma'am.
> Q And are you -- would you be considered a custodian of those records?
> A Yes, ma'am.

And when Officer Flores was testifying as to the content of those records, the trial court clarified with Appellant about his objection. Appellant replied, "Judge, I'm not objecting. The predicate has been laid. [The State] laid the predicate of the business record exception, and since that predicate has been laid, there's no objection." Appellant made no further objections to testimony from his probation records.

If a defendant's attorney affirmatively states that there is no objection to the admissibility of the evidence when it is introduced at trial, the defendant waives the right to complain of its admission on appeal. *See Heidelberg v. State*, 36 S.W.3d 668, 672 n.2 (Tex. App.–Houston [14th Dist.] 2001, no pet.); *Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008). And because Appellant withdrew his previous objection, it is insufficient to preserve his complaint on appeal. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection").

Appellant further argues that Officer Flores's testimony violates the Confrontation Clause. However, he did not make this objection in the trial court. A defendant's Confrontation Clause complaint is subject to preservation requirements and failure to raise it with the trial court forfeits that complaint on appeal. *Wright v. Quarterman*, 470 F.3d 581, 586–87 (5th Cir. 2006) (noting that Texas law generally requires defendant to make specific Confrontation Clause objection to preserve such error); *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (holding that Confrontation Clause claims are subject to preservation requirements under Texas Rule of Appellate Procedure 33.1(a)(1)(A)); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding that defendant "failed to preserve error on Confrontation Clause grounds" by failing to assert that objection at trial); *Alford v. State*, 495 S.W.3d 63, 66 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding that defendant failed to preserve his complaint that he was denied his right under United States and Texas constitutions to confront and cross-examine complainant). Because Appellant initially objected based on the business records exception and not the Confrontation Clause, he failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a).

Appellant's second issue is overruled.

4

In his third issue, Appellant argues that the eight-year sentence imposed by the trial court amounts to cruel and unusual punishment. However, as Appellant concedes in his brief, he made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of a third-degree felony, evading arrest with a motor vehicle, the punishment range for which is imprisonment for no less than two years and no more than ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a) (West 2019), 38.04(b)(2)(A) (West 2016). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in

***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, ***McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* ***Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—evading arrest with a motor vehicle—is at least as serious as the combination of offenses committed by the appellant in ***Rummel***, while Appellant's eight-year sentence is less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test. Appellant's third issue is overruled.

### DISPOSITION

Having sustained Appellant's first issue and overruled his second and third issues, we *modify* the trial court's judgment and bill of costs by striking the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution he owes. *See* TEX. R. APP. P. 43.2(b). We *affirm* the judgment *as modified.*

<b><u>GREG NEELEY</u></b><br>Justice

Opinion delivered October 20, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 20, 2021**

**NO. 12-21-00016-CR**

**HUBERT E. SEATON, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0184-16)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** by striking the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution he owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*