Bruce Howard McMILLON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–01169–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1997.

Discretionary Review Refused June 4, 1997.

Charles Hinton, Houston, for appellant.

William J. Delmore, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

Bruce Howard McMillon appeals his conviction by a jury for possession of less than 28 grams of heroin. His punishment was assessed by the trial court at twenty-five years imprisonment, enhanced by two prior felony convictions. In two points of error, appellant contends: (1) the evidence was legally insufficient to sustain his conviction for possession of heroin and, (2) the trial court erred in admitting syringes into evidence over his objection. We affirm.

On August 31, 1994, police executed a search and arrest warrant at a house occupied by appellant. The warrant authorized a search for heroin and the arrest of a person named "Bobby." Appellant was not the person described as "Bobby" in the warrant. The police officers announced their presence outside of the house before breaking in. The police officers found appellant sitting on a couch with heroin in a plastic bag lying on the couch next to his leg. The officers searched the rest of the house and found a bag of syringes. Officer Kwrathwski testified that heroin is used by injection with a syringe. A kerosene lamp was also found on the premises and a chemist testified that a kerosene lamp could be used to "cook" the heroin to make it suitable for injection.

■ In point error one, appellant contends the evidence is legally insufficient to sustain

his conviction for possession of heroin. He argues the evidence failed to establish he exercised care, custody or control over the heroin. We disagree.

When reviewing the sufficiency of the evidence the appellate court will look at all the evidence in the light most favorable to the verdict or judgment. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim. App.1984). In so doing, the appellate court is to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572, 577 (Tex. Crim.App.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). This standard is applied to both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim.App. 1986). In conducting this review, the appellate court is not to re-evaluate the weight and credibility of the evidence, but act only to ensure the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

In *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App.1995), the court of criminal appeals stated the law concerning proof of possession of illegal drugs, as follows:

Because, under our law, an accused must not only have exercised actual care, control, or custody of the substance, but must also have been conscious of his connection with it and have known what it was, evidence which affirmatively links him to it suffices for proof that he possessed it knowingly. Under our precedents, it does not really matter whether this evidence is direct or circumstantial. In either case it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called "affirmative links" rule.

*Id.* at 747.

■ When the contraband is not found on the accused's person or it is not in the exclu-

sive possession of the accused, additional facts and circumstances must link the accused to the contraband. *Menchaca v. State,* 901 S.W.2d 640, 651 (Tex.App.—El Paso 1995, pet. ref'd). These additional facts include the proximity of the accused to the contraband and its accessibility or visibility to the accused, presence of drug paraphernalia not included in the charge, and accused's ownership or right of possession of the place where the controlled substance was found. *Chavez v. State,* 769 S.W.2d 284, 288–89 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). "The ultimate consequence is that each defendant must still be affirmatively linked with the drugs he allegedly possessed, but this link need no longer be so strong that it excludes every other outstanding reasonable hypothesis except the defendant's guilt." *Brown,* 911 S.W.2d at 748.

The evidence in this case establishes: (1) appellant was sitting on a couch and the heroin was in a plastic bag, close to his leg and within easy reach; (2) appellant was alone in the house when the police found him; (3) drug paraphernalia was present in the house in the form of a bag of syringes found in a cabinet by the police; (4) the police also found a kerosene lamp in the house and a chemist testified it could be used to "cook" the heroin to make it suitable for injection with a syringe; (5) the doors in the house had been barricaded from the inside. There is no evidence in the record furnished by appellant in his own defense as to what he was doing in the house with the heroin, syringes and kerosene lamp. We find that a rational trier of fact could have found that the appellant exercised care, custody, and control over the heroin. Appellant's point of error one is overruled.

■ In point of error two, appellant contends the trial court erred in admitting a plastic bag full of syringes over appellant's objection that it was not relevant to the issue of possession of heroin. The state contends the objection has not been preserved for review because appellant made no objection to a substantial amount of previous testimony by Officer Kwrathwski regarding the discovery of the syringes.

The record shows there were three pages of questions and answers on the subject of the bag of syringes with one objection concerning speculation by the officer as to the room in which the syringes were located, but no objection concerning the bag of syringes until the prosecutor offered the syringes into evidence. At this time, appellant objected stating "it's not relevant to the issue of possession of heroin." The trial court overruled appellant's objection.

In general, rule 103(a)(1), Texas Rules of Criminal Evidence, and rule 52(a), Texas Rules of Appellate Procedure, govern preservation of error concerning the admission of evidence in criminal cases. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). Combined, these rules state that if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the state, this error must have been preserved by a proper objection and a ruling on that objection. *Id.* The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was actually admitted. *Id.* If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and must have moved to strike the evidence, that is, to have it removed from the body of evidence the jury is allowed to consider. *Id.*

Appellant did not object to the admission of the syringes until the officer had completed his testimony before the jury identifying the syringes. Accordingly, appellant did not preserve error because his objection was not made as soon as the objectionable nature of the evidence became apparent. The objectionable nature of the evidence became immediately apparent with the very first question asked the officer after showing him the bag of syringes when the prosecutor asked him: "Would you look at that and identify it?" Thereafter, the question and answers addressed the identification of the evidence as syringes found in a closet at the house, in the kitchen area. The state offered the exhibit as evidence and tendered it to appellant's counsel who objected on the ground of relevance for the first time. We find the objection was not timely made and we have

nothing to review. *Id. See also Marini v. State,* 593 S.W.2d 709, 714 (Tex.Crim.App. 1980.). We overrule appellant's point of error two and the judgment of the trial court is affirmed.