Opinion issued April 11, 2002
















In The

Court of Appeals

For The

First District of Texas






 NO. 01-01-00101-CR 

___________


EUGENE M. GORACKI, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 842126






O P I N I O N


 A jury found appellant, Eugene M. Goracki, guilty of the state jail felony offense
of possession of methamphetamine weighing less than one gram and found two
enhancement paragraphs to be true. The jury assessed punishment at 20 years
confinement with a $2000 fine. Appellant presents two issues for our review, disputing
the legal and factual sufficiency of the evidence to support his conviction. We affirm.

Background

 Houston Police Officer R. M. Landrum testified that, at approximately 3:00 a.m.
on April 18, 2000, while on patrol, he received a call from a dispatcher informing him
of a possible burglary of a truck in progress. Upon arrival at the scene, Officer
Landrum saw someone running away from the allegedly burglarized truck. Landrum
got out of his car and began to run in the same direction. He notified the dispatcher
that an individual was running from him and requested other units to set up a perimeter
in a one-block area. 

 Officer D. L. Rogers, assigned to the canine unit of the Houston Police
Department, arrived at the location, and his patrol dog, Pharoah, began barking at the
underside of the allegedly burglarized truck. Appellant emerged from underneath the
truck, and Officer Landrum handcuffed him. Landrum quickly patted appellant down
for weapons and placed him in the passenger side of the backseat of Landrum's patrol
car. Pharaoh began barking again at the underside of the truck. Another individual,
Stephen Dugan, emerged from underneath the truck and Officer Landrum handcuffed
him and patted him down. Landrum then placed Dugan in the passenger side of the
backseat of Landrum's patrol car, thereby causing appellant to move over to the
driver's side of the backseat. 

 Officer Landrum waited by his patrol car with another officer while Officer
Rogers continued to search the nearby area. Officer James McCoy arrived at the
location and agreed to transport the suspects to jail. The officers removed appellant
and Dugan from Landrum's patrol car and performed a more thorough search of them
both, but found nothing. Dugan was removed from the passenger side of the patrol car,
and appellant was removed from the driver's side. Landrum checked the backseat of
his patrol car, as required by police procedure, and found, on both sides of the seat, six
small plastic bags containing an unknown substance. Four of the bags were found
where the seat begins to "curve and slide up underneath the back of the seat" on the
side where appellant was sitting. Two other plastic bags were found in the seat directly
behind where Dugan was sitting. Landrum testified that he previously searched his
patrol car when he first went on duty that evening and appellant and Dugan were the
only suspects placed in his patrol car that day. 

 Officer Landrum field tested the contents of one of the bags, which yielded a
positive result for methamphetamine. Claudia Busby, a chemist with the Houston
Police Department Crime Laboratory, performed several scientific analyses on the
contents of the bags and determined that five of the bags contained methamphetamine,
weighing approximately 518.3 milligrams. (1)

Sufficiency of the Evidence

 In his first issue, appellant challenges the legal sufficiency of the evidence to
support his conviction. We review legal sufficiency by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

 To establish unlawful possession of a controlled substance, the evidence must
show appellant knowingly exercised care, control, or management over the controlled
substance, was conscious of his connection with it, and knew what it was. Brown v.
State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995); Tex. Health & Safety Code §
481.002(38), 481.115 (Vernon 1992 & Vernon Supp. 1998). Evidence which
affirmatively links the accused to the controlled substance suffices for proof that he
possessed it knowingly. Brown, 911 S.W.2d at 748. The evidence used to satisfy these
elements can be direct or circumstantial. Id. Whether direct or circumstantial evidence
is used, the State must establish that the accused's connection with the controlled
substance was more than just fortuitous. Id. 

 If the controlled substance is not found on the accused's person or the accused
was not in exclusive control over the place where it was found, the State must show
additional facts and circumstances linking the accused with the controlled substance. 
McMillon v. State, 940 S.W.2d 767, 768 (Tex. App.--Houston [14th Dist.] 1997, pet.
ref'd). These additional facts may include the proximity of the accused to the
contraband and its accessibility or visibility to the accused, presence of drug
paraphernalia not included in the charge, and the accused's ownership or right of
possession of the place where the controlled substance was found. Id. at 769. 
Although the appellant must be affirmatively linked with the controlled substance he
allegedly possessed, this link need not exclude every other reasonable theory except
the defendant's guilt. Id. 

 In this case, Officer Landrum testified he searched his vehicle at the beginning
of his shift, as procedurally required, and did not find any controlled substances. He
testified that appellant and Dugan were the first individuals placed in the back seat of
his patrol car the night of appellant's arrest. Landrum's search of the patrol car, after
removing appellant and Dugan, revealed several bags of methamphetamine inside the
back seat. The four bags attributed to appellant were found in the back seat of the car
in close proximity to where appellant was sitting. Dugan was seated and handcuffed
on the other side of the car and could not easily access the seat area behind appellant. 
There was at least one officer attending the vehicle at all times, and none witnessed
Dugan make any movements toward the side of the car where appellant was sitting. 

 In a similar case, the Court of Criminal Appeals held there was legally sufficient
evidence to support a defendant's conviction where the evidence showed no controlled
substance was beneath the back seat of a patrol car before the defendant was placed in
it, from which it reasonably could be inferred the defendant deposited the controlled
substance beneath the seat. Williams v. State, 784 S.W.2d 428, 429-30 (Tex. Crim.
App. 1990). We hold the evidence detailed above, when viewed in the light most
favorable to the verdict, was legally sufficient to affirmatively link appellant to the
controlled substance and sustain his conviction. Id. 

 We overrule appellant's first issue.

 In his second issue, appellant challenges the factual sufficiency of the evidence
to support his conviction. Under the factual sufficiency standard, we ask "whether a
neutral review of all of the evidence both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." King, 29 S.W.3d at 563. We will reverse the fact
finder's determination only if a manifest injustice has occurred. Id. In conducting this
analysis, we may disagree with the jury's determination, even if probative evidence
supports the verdict, but we must also avoid substituting our judgment for that of the
fact finder. Id. 

 Dugan testified that the five bags of methamphetamine were in his possession
and he tried to "stuff them down the back of the police car." Appellant presented no
other witnesses or evidence. On cross-examination, Dugan admitted he never told the
police that the methamphetamine was in his possession. Dugan testified he knew
appellant for 15 years, was his "good friend," they used to be roommates, and he did
not want to see anything bad happen to appellant. Dugan previously pleaded guilty to
possession of methamphetamine as a result of his arrest on April 18, 2000.

 The fact finder is the exclusive judge of the credibility of the witnesses and the
weight to be given their testimony, and the fact finder may believe or disbelieve any
or all testimony of the witnesses. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim.
App. 1984). We note that a decision is not manifestly unjust merely because the
factfinder resolved conflicting views of the evidence in favor of the State. Cain v.
State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). We hold the evidence was
factually sufficient to show appellant knowingly possessed a controlled substance and
to sustain appellant's conviction for the felony offense of possession of
methamphetamine weighing less than one gram.

 We overrule appellant's second issue.

 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges and Jennings.

Do not publish. Tex. R. App. P. 47.


1. The sixth bag contained ketamine, a powerful anaesthetic used by veterinarians
on farm animals, which is not a controlled substance.