Opinion issued May 9, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01094-CR

____________


JAMES ALLAN WISCHNEWSKY, Appellant


V.


STATE OF TEXAS, Appellee






On Appeal from the 179th District Court 

Harris County, Texas

Trial Court Cause No. 873504






O P I N I O N A jury found appellant, James Allan Wischnewsky, guilty of the second degree
felony offense of possession of cocaine weighing more than four grams but less than
200 grams. After appellant pleaded true to two enhancement paragraphs, the trial court
assessed his punishment at 30 years in prison. In his sole point of error, appellant
contends the evidence was factually insufficient to support his conviction. We affirm.

Background

 Harris County Sheriff's Deputy Lewis testified that, at approximately 2:20 a.m.
on April 4, 2001, while on patrol, he saw appellant driving a sport utility vehicle (SUV)
in the second inner-most lane of traffic of Interstate 45 in Houston. He saw the SUV
abruptly leave this lane, cross over to the far right lane, cutting off the path of another
car, and exit the freeway. After exiting, the SUV traveled to the right, across two lanes
of the service road, and entered a parking lot in front of a bar. The SUV briefly
stopped, and a woman standing in front of the bar approached the SUV and got in on
the passenger side. 

 Deputy Lewis activated his emergency lights after appellant drove the SUV from
the front of the bar to a more open location in the parking lot. Appellant stopped and
immediately got out of the SUV. Lewis quickly got out of his patrol car and, for safety
reasons, took appellant to the back of his patrol car and conducted a pat-down search. 
Lewis felt a bulge in the right front pocket of appellant's pants and, fearing that it
might be a weapon, removed the object. The object was a knife, contained in a dark
gray bag. The dark gray bag also held several clear plastic bags and a chunky white
substance, which Lewis believed to be cocaine. Lewis removed the knife from the bag
and placed both the bag and the knife on the trunk of his patrol car.

 As Lewis handcuffed appellant, he heard a door open and close on the far side
of the SUV. Lewis secured appellant in the backseat of his patrol car, and a woman,
later identified as Melissa White, came around the back of the SUV. Lewis brought
White to the rear of the patrol car and conducted a pat-down search. While searching
White, Lewis heard another door of the SUV open and close. Lewis left White at the
rear of the patrol car to meet the third person exiting the SUV. 

 As Lewis detained the third person, later identified as "Farmer" Thompson,
White began running through the parking lot. Lewis then noticed that the items he had
seized from appellant were missing from the trunk of the patrol car. Lewis chased
White, caught her, and handcuffed her. The gray bag containing the white substance
was found in her possession; however, the knife was missing. 

 Carolyn Declouette, a forensic chemist with the Harris County Medical
Examiner's Office, testified that she determined the white substance found in the gray
bag was 6.7 grams of cocaine.

 White testified that she had known appellant for approximately four months at
the time of the incident. She stated that she, appellant and Farmer Thompson were
together at the bar, and she "did not see drugs on [appellant] that night." She saw
Thompson with the bag and suspected it contained drugs because he frequently excused
himself to go to the restroom. 

 White further testified that she walked directly from the bar to the patrol car
without entering the SUV. She stated that appellant was already in the back seat of the
patrol car when she approached Deputy Lewis. She said she gave Lewis her driver's
license, told him she was the owner of the SUV, and saw Lewis place her license on top
of the gray bag on the trunk. White conceded that when Lewis began walking back
towards the SUV, she grabbed the items sitting on the trunk of the patrol car and began
running. White said she held her driver's license, her wallet and the gray bag in her
hand when she ran. White claimed she lost her wallet while running and dropped the
gray bag when Deputy Lewis "tackled" her. White said the cocaine in the bag was not
hers. Appellant did not testify. 

Sufficiency of the Evidence

 In his sole issue, appellant challenges the factual sufficiency of the evidence to
support his conviction. Specifically, appellant asserts his cooperative behavior and
White's furtive behavior are inconsistent with his knowingly possessing the cocaine. 
Appellant claims he did not know the bag contained cocaine and the evidence
presented undermines the accuracy of the jury's finding. 

 Under the factual sufficiency standard, we ask "whether a neutral review of all
of the evidence both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943
S.W.2d 152, 155 (Tex. App.--Houston [1st Dist.] 1997, no pet.). We will reverse the
fact finder's determination only if a manifest injustice has occurred. King, 29 S.W.3d
at 562. In conducting this analysis, we may disagree with the jury's determination,
even if probative evidence supports the verdict, but must also avoid substituting our
judgment for that of the fact finder. Id. 

 Appellant contends his behavior was inconsistent with a person possessing
cocaine. He contends that he was cooperative and there is no evidence he made any
furtive gestures. He claims the actions of White and Farmer Thompson are more
consistent with knowingly possessing cocaine. He contends that "White behaved like
somebody whose drugs were about to get somebody else, and eventually her, into
trouble." 

 Deputy Lewis testified that, while conducting a pat-down search of appellant, he
felt an object in the right front pocket of appellant's pants. Fearing it might be a
weapon, Lewis removed the object and placed it on the trunk of the patrol car. The
object was a knife, which was inside a dark gray bag along with several clear plastic
bags and a white chalky substance, later determined to be 6.7 grams of cocaine.

 To establish unlawful possession of cocaine, the evidence must be sufficient to
show the accused knowingly exercised care, control, or management over the
controlled substance, was conscious of his connection with it, and knew what it was. 
Tex. Health & Safety Code § 481.002(38), 481.115 (Vernon 1992 & Vernon Supp.
2002); Brown v. State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). Possession is a
voluntary act if the possessor knowingly obtains or receives the thing possessed or is
aware of his control of the thing for a sufficient time to permit him to terminate his
control. Tex. Pen. Code Ann. § 6.01(b) (Vernon 1994). 

 Evidence which affirmatively links the accused to the controlled substance
suffices for proof that he possessed it knowingly. Brown, 911 S.W.2d at 748. The
evidence used to satisfy these elements can be direct or circumstantial. Id. Whether
direct or circumstantial evidence is used, the State must establish that the accused's
connection with the substance was more than just fortuitous. Id. If the contraband is
not found on the accused's person or the accused was not in exclusive control over the
place where the drugs were found, the State must show affirmative links between the
accused and the drugs. McMillon v. State, 940 S.W.2d 767, 768 (Tex. App.--Houston
[14th Dist.] 1997, pet. ref'd). 

 The fact finder is the exclusive judge of the credibility of the witnesses and the
weight to be given their testimony, and the fact finder may believe or disbelieve any
or all of the testimony of the witnesses. Williams v. State, 692 S.W.2d 671, 676 (Tex.
Crim. App. 1984). Here, the State presented direct evidence that the cocaine was found
on appellant's person and under his exclusive control. No testimony was presented to
rebut this evidence. The jury was free to infer from this evidence that appellant
knowingly possessed the cocaine. Thus, the jury's finding was not so contrary to the
overwhelming weight of the evidence as to be manifestly unjust. King, 29 S.W.3d at
563. We hold the evidence was factually sufficient to support appellant's conviction
for possession of cocaine.

 We overrule appellant's sole issue.

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.