In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-01-01087-CR
          01-01-01088-CR
____________

PATRICK RAY SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 876462 & 876463
 

 
 
O P I N I O N
          Appellant pleaded not guilty to possession with intent to deliver between 4 and
200 grams of cocaine in cause number 876462, and possession with intent to deliver
between 4 and 200 grams of phencyclidine (PCP) in cause number 876463. A jury
found appellant guilty, and the trial court sentenced him to 10 years in both cause
numbers. We affirm.
Background
          Officers from the Houston Police Department Narcotics Division were
investigating narcotic complaints around the 3900 block of Falls. At 3921 Falls
Street, a house known to have high narcotics traffic, the officers observed an
individual named Clarence Robertson drop a container, which was later determined
to hold a rock of cocaine. Robertson told the officers that he had purchased the
cocaine from inside the house at 3921 Falls Street. Robertson also informed the
officers that more cocaine and PCP were inside the house. 
          The officers approached the house and observed appellant standing at the front
door. Appellant, upon seeing the officers, “grabbed” a black bag, “turned, spun
around,” and then “darted” toward the back of the house. As appellant spun around,
“a clear, plastic sandwich baggie containing little bottles” fell out of the black bag.
The officers recognized the small bottles as the type typically used to distribute PCP. 
Appellant then put the black bag on the kitchen stove. At that point, the officers
arrested appellant and searched the black bag. 
          The black bag contained vials of PCP totaling 22.3 grams and several bags of
cocaine totaling 84.6 grams. The officer testified that, according to the street value
of the drugs, appellant was in possession of thousands of dollars worth of contraband. 
A search of appellant revealed $1,260 cash. Later, a trained dog alerted on the cash,
indicating that it was contaminated with a controlled substance.
Legal Sufficiency
          In his first point of error, appellant contends that the evidence was legally
insufficient to support his convictions. 
          The standard for reviewing legal sufficiency is whether, after reviewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).
          Appellant argues that the defense witnesses’ testimony differed from the State’s
witnesses’ testimony. The jury is the exclusive judge of the credibility of witnesses
and of the weight to be given their testimony. Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996). The jury, therefore, was free to believe the officers and
disbelieve appellant and the defense witnesses. Accordingly, we will address the
sufficiency of the evidence in the light most favorable to the verdict regarding (1)
possession and (2) intent to deliver.
 
 
1. Possession
          To support a conviction for possession of a controlled substance, the State must
show that the accused exercised actual care, control, or custody of the substance, that
he was conscious of his connection with it, and that he possessed the substance
knowingly or intentionally. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995). The evidence used to satisfy these elements can be direct or circumstantial. 
Id. Whether direct or circumstantial evidence is used, the State must establish that
the accused’s connection with the substance was more than just fortuitous. Id.
However, when the contraband is not found on the accused’s person or in the
exclusive possession of the accused, additional facts must affirmatively link the
accused to the contraband. McMillon v. State, 940 S.W.2d 767, 768-69 (Tex.
App.—Houston [14th Dist.] 1997, pet. ref’d). 
          The officers saw appellant grab a black bag, from which a clear, plastic baggie
containing little PCP bottles fell. Once appellant saw the officers, he grabbed the
black bag containing the drugs and ran for the back of the house. The defendant’s
attempted flight is a factor relevant to determining whether an affirmative link exists. 
Chavez v. State, 769 S.W.2d 284, 288-89 (Tex. App.—Houston [1st Dist.] 1989, pet.
ref’d). Additionally, there is evidence that appellant abandoned the black bag
containing the drugs on the kitchen stove moments before his arrest. The gestures of
trying to dispose of the contraband or trying to conceal it from the view of the police
provide sufficient evidence to satisfy the element of guilty knowledge. Ethridge v.
State, 795 S.W.2d 281, 285 (Tex. App.—Houston [14th Dist.] 1990), pet. dism’d, 812
S.W.2d 600 (Tex. Crim. App. 1990). 
          Viewing the evidence in the light most favorable to the State, we hold that the
evidence was legally sufficient to show possession.
2. Intent to Deliver
          Intent to deliver may be shown by circumstantial evidence. Williams v. State,
902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Expert
testimony by experienced law enforcement officers may be used to show intent to
deliver. Mack v. State, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993,
no pet.). The factors that may be considered include: (1) the nature of the place
where the defendant was arrested; (2) the quantity of controlled substance possessed
by the defendant; (3) the manner of packaging; (4) the presence of drug
paraphernalia; (5) the defendant’s possession of a large amount of cash; and (6) the
defendant’s status as a drug user. Williams, 902 S.W.2d at 506. 
          The factors set forth above indicate an intent to deliver in this case. Regarding
the location, appellant was arrested in an area that the officer described as a “high
narcotic traffic location.” The officers recovered 22.3 grams of PCP and 84.6 grams
of cocaine, totaling thousands of dollars worth of contraband. The PCP was
packaged in numerous tiny bottles, which the officers recognized as the type typically
used to distribute PCP. Likewise, the cocaine was packaged in several small bags. 
Appellant was also in possession of $1,260 cash, which was contaminated with the
odor or presence of a controlled substance. 
          Under these circumstances, we hold that the evidence was legally sufficient to
show intent to deliver the controlled substances.
          We overrule the first point of error. 
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that he received ineffective
assistance of counsel. Specifically, he argues that his trial counsel: (1) neither filed
a motion to suppress nor argued lack of probable cause for his detention; (2) did not
request a jury instruction under Texas Code of Criminal Procedure 38.23; and (3) did
not challenge the scientific grounds of the canine sniff evidence. 
          We apply the usual standard of review for claims of ineffective assistance of
counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984). When the record is silent, an appellate court may not speculate about why
counsel acted as he did. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). Without testimony from trial counsel, the court must presume counsel had a
plausible reason for his actions. Gibbs v. State, 7 S.W.3d 175, (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d). 
          Although appellant filed motions for new trial, he did not allege in his motions
that counsel was ineffective. Nor did he obtain a hearing on his motions. There is
no evidence in the record to indicate why counsel engaged in the conduct of which
appellant now complains. Accordingly, appellant has not overcome the strong
presumption that his trial counsel acted within the range of reasonable professional
assistance. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
          We overrule the second point of error.
Conclusion
          We affirm the judgments of the trial court.
 
                                                                                  Adele Hedges
                                                                                  Justice
 
Panel consists of Justices Hedges, Keyes, and Evans.


 
Do not publish. Tex. R. App. P. 47.