Will Edward GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00167–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 15, 1994.

Decided Jan. 6, 1995.

Hal E. Turley, Dallas.

John C. Vance, Criminal Dist. Atty., Dallas, Daniel D. Guess, Asst. Dist. Atty., Dallas, for State.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Will Edward Green appeals from his conviction of the offense of possession of marihuana. After a trial by jury, the trial court assessed punishment at 180 days' confinement and a $200.00 fine.[1]

Green contends that the evidence was insufficient to support his conviction for the possession of marihuana. He argues that the court erred by admitting the marihuana into evidence and that the evidence does not link him to the contraband.

---

1. This case was tried with a companion charge of evading detention. Punishment was identical for each case.

The arresting officers testified that they first saw Green around 9:30 p.m. on October 12, 1993, that he was standing astride his bicycle in the middle of a street, and that the bicycle had no lights. When he saw the patrol car, he got onto the bicycle and pedaled onto the lawn of a nearby house. Officer Baird then testified that he instructed the appellant to come over to his patrol car because he intended to explain the traffic laws about obstructing a roadway and the requirement that he have a light on his bicycle. Instead, Green ran to the front door of a residence and began to unlock it. As we have concluded in his companion appeal, his refusal to comply with a lawful order, knowing the order came from a police officer, constitutes the offense of evading detention. TEX.PENAL CODE ANN. § 38.04(a).[2]

The arresting officer testified that he followed Green to the house and attempted to restrain him and that, while they struggled, Green pushed the door open. He testified that as his partner restrained Green, in order to ensure their safety he checked the room from the doorway for people or weapons. Although he saw none, he did see an open box containing a green leafy substance. He testified that when he saw the item he believed that it was marihuana. The officer went into the room and took the box. Its contents were analyzed, found to be marihuana, and admitted into evidence at trial. Green contends that the marihuana should not have been admitted into evidence and also contends that insufficient affirmative links exist to prove that he had control over or knowledge of the contraband.

 We first review his contention that the evidence should have been suppressed. On a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and the judge of the credibility of witnesses, including the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Thus, the trial court is free to believe or disbelieve the testimony of any witness. This Court does not engage in its own factual review, but determines wheth-

---

2. Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3667.

er the trial judge's findings are supported by the record. If they are supported, this Court is not at liberty to disturb them. *Etheridge v. State,* No. 71,189, —— S.W.2d —— (Tex. Crim.App. June 22, 1994); *Upton v. State,* 853 S.W.2d 548 (Tex.Crim.App.1993); *Cantu v. State,* 817 S.W.2d 74, 77 (Tex.Crim.App. 1991).

■ The plain view doctrine is an exception to the warrant requirement which permits an officer to seize what he sees in plain sight or open view if he is lawfully on the premises. *DeLao v. State,* 550 S.W.2d 289, 291 (Tex.Crim.App.1977); *Reno v. State,* 882 S.W.2d 106, 108 (Tex.App.—Fort Worth 1994, no pet. h.). The exception applies in this case, as the officer was lawfully on the porch of the residence, and there is evidence that from that vantage point the officer saw contraband lying in an open box in plain sight. The court's ruling finds support in the record. Thus, no error has been shown in the admission of the contraband into evidence.

■ Green's contention that the evidence is insufficient can fairly be said to question whether the evidence is both legally and factually sufficient. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the sufficiency of the evidence, this Court may not reweigh the evidence as the thirteenth juror. *Blankenship v. State,* 780 S.W.2d 198, 207 (Tex.Crim.App.1989) (opinion on reh'g).

■ In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. Under TEX. CONST. art. V, § 6, the courts of appeals are conclusive on all fact questions and have the constitutional authority and obligation to decide whether the evidence is factually sufficient. *White v. State,* 890 S.W.2d 131 (Tex.App.—Texarkana 1994, no pet. h.); *Williams v. State,* 848 S.W.2d 915,

916–17 (Tex.App.—Texarkana 1993, no pet.); *see Stone v. State,* 823 S.W.2d 375 (Tex. App.—Austin 1992, pet. ref'd, untimely filed). The trier of fact is free to accept or reject any or all of any witness' testimony. *Adelman v. State,* 828 S.W.2d 418 (Tex.Crim.App. 1992).

■ In reviewing the sufficiency of the evidence to establish a defendant's knowledge of and control over contraband, the existing body of law describing affirmative links between a defendant and contraband is an appropriate means of determining legal and factual sufficiency of the evidence on review. *Villarreal v. State,* 865 S.W.2d 501 (Tex.App.—Corpus Christi 1993, pet. ref'd).

■ To show possession, the evidence must affirmatively link the defendant to the contraband by showing the indicia of possession set out in the charge. *McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex.Crim.App. 1985). The possession need not be exclusive, but the evidence must link the defendant to the drugs. *McGoldrick,* 682 S.W.2d at 578. More facts than mere presence near drugs is required, particularly when there are many people present or in possession of the premises. *Estrada v. State,* 643 S.W.2d 753, 756 (Tex.App.—San Antonio 1982, no pet.). Factors that courts have considered include: 1) the defendant's presence when the search warrant was executed; 2) whether the contraband was in plain view; 3) the defendant's proximity to and the accessibility of the narcotic; 4) whether the defendant was under the influence of narcotics when arrested; 5) whether the defendant possessed other contraband when arrested; 6) whether the defendant made incriminating statements when arrested; 7) whether the defendant attempted to flee; 8) whether the defendant made furtive gestures; 9) whether there was an odor of the contraband; 10) whether other contraband or drug paraphernalia was present; 11) whether defendant owned or had the right to possess the place where the drugs were found; and 12) whether the place the drugs were found was enclosed. *Chavez v.*

*State*, 769 S.W.2d 284, 288–89 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).[3]

■ The court had facts before it from which it could conclude that the officer saw the open container and identified its contents as contraband through a door unlocked and opened by the defendant. The court could also conclude that Green's frantic efforts to unlock and then to relock the outside door of the residence are strong indicia of ownership or right to possession of the place where the drugs were found and also reflect a likely knowledge that the drugs were exposed to view. His efforts could also be taken as an effort to obtain time in which to hide or destroy the contraband. In addition, his girlfriend testified that only she and Green stayed at the house, that the box lid belonged to Green, and that she knew nothing about the marihuana. The evidence discussed is both legally and factually sufficient for the jury to conclude that Green committed the offense of possession of marihuana.

The judgment of the trial court is affirmed.

---

**3.** We note that the Beaumont court has questioned the propriety of an affirmative links analysis in the wake of *Geesa*. *Eaglin v. State*, 872 S.W.2d 332, 336–37 (Tex.App.—Beaumont 1994, no pet.) (citing *Castellano v. State*, 810 S.W.2d 800, 805–06 (Tex.App.—Austin 1991, no pet.)). Although the affirmative links analysis may have developed under the reasonable hypothesis construct, we agree with the Austin court that its usefulness survives *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). *Martinets v. State*, 884 S.W.2d 185 (Tex.App.—Austin 1994, no pet. h.).