NUMBER 13-99-520-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DAVID EDWARD POSIVAL, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of San Patricio County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Yañez



 Appellant, David Edward Posival, was indicted for the offense of
possession of less than one (1) gram of amphetamine, a controlled
substance listed in penalty group two. See Tex. Health & Safety Code
§§ 481.103(a)(3), 481.116(a),(b) (Vernon Supp. 2000). A jury found
him guilty and assessed punishment at four hundred fifty-five (455)
days in a state jail facility and a $10,000 fine. By a sole point of error,
appellant asserts that the evidence is insufficient to support his
conviction because there is no evidence affirmatively linking him to the
methamphetamine and no evidence corroborating any such affirmative
link. We affirm.

Facts

 On September 14, 1998 Trooper Almarez was patrolling a
northbound section of highway I-37 near Mathis, Texas, when he
noticed a truck, driven by appellant, drive off the FM 3377 bridge onto
the grassy embankment on the west side of the highway and then onto
the interstate. Alamarez stopped the truck; appellant exited the vehicle
and approached the trooper. Alamarez testified he smelled an odor of
burnt marijuana emanating from the truck. Alamarez conducted a brief
pat-down search of appellant's clothing and asked about his direction
of travel and destination. Appellant stated that he and some friends
had been smoking marijuana inside the truck. He also gave verbal
consent to a search of the truck.

 During the search of the truck, Alamarez found a white gardening
glove with a small calibre handgun on the seat under a black briefcase. 
Appellant stated he did not possess a license to carry a concealed
handgun. Appellant was then arrested for unlawful possession of a
weapon. Alamarez continued to search the truck and found a small
amount of marijuana in a plastic sandwich bag found inside the
briefcase. He also found a small quantity of amphetamine, discovered
inside a small canister on top of a wooden toolbox, which was located,
in turn, on the truck's floorboard, easily within appellant's view and
reach.

Analysis

 By his sole point of error, appellant asserts that the evidence is
insufficient to support his conviction because there was no evidence
affirmatively linking him to the canister containing the amphetamine
and no corroboration of any affirmative link. 

 The United States Supreme Court set the standard for reviewing
legal sufficiency of the evidence in Jackson v. Virginia, 443 U.S. 307
(1979); Dewberry v. State, 4 S.W.3rd 735, 740 (Tex. Crim. App. 1999). 
In reviewing a legal sufficiency question, we must view the evidence in
the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson, 443 U.S. at 319; Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998); Butler v. State, 769
S.W.2d 234, 239 (Tex.Crim. App. 1989) (reaffirming Jackson standard
of review). This Court must evaluate all of the evidence, both direct and
circumstantial, whether admissible or inadmissible. Dewberry, 4
S.W.3d at 740; see Johnson v. State, 967 S.W.2d 410, 412 (Tex.Crim.
App. 1998). When reviewing the evidence, our role is not to become a
thirteenth juror. We may not re-evaluate the weight and credibility of
the record evidence and thereby substitute our judgment for that of the
fact-finder. Dewberry, 4 S.W.3d at 740. Whether the evidence fails to
exclude every outstanding reasonable hypothesis other than guilt is not
a measure of the legal sufficiency of the evidence. Geesa v. State, 820
S.W.2d 154, 161 (Tex. Crim. App. 1991) (rejecting the reasonable
hypothesis construct as a measure of legal sufficiency).

 The jury is the exclusive judge of the credibility of the witnesses
and of the weight to be given their testimony. Mosley, 983 S.W.2d at
254; Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Reconciliation of conflicts in the evidence is also within the exclusive
province of the jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim.
App. 1986).

 A defendant charged with knowingly and intentionally possessing
drugs must be affirmatively linked with the drugs he allegedly
possessed. Brown v. State, 911 S.W.2d 744, 748 (Tex. Crim.App.
1995). Factors to be considered when evaluating affirmative links
include: 1) the defendant's presence when the search was executed; 2)
whether the contraband was in plain view; 3) the defendant's proximity
to and the accessibility of the contraband; 4) whether the defendant
was under the influence of a controlled substance when arrested; 5)
whether the defendant possessed other contraband when arrested; 6)
whether the defendant made any incriminating statements when
arrested; 7) whether the defendant attempted to flee; 8) whether the
defendant made furtive gestures; 9) whether there was an odor of the
contraband; 10) whether other contraband or drug paraphernalia was
present; 11) whether the defendant owned or had the right to possess
the place where the drugs were found; and 12) whether the place the
drugs were found was enclosed. Green v. State, 892 S.W.2d 220, 222-23 (Tex. App.--Texarkana 1995, pet. ref'd). Other factors, such as
whether or not the appellant was the driver of the vehicle in which the
contraband was found, whether paraphernalia to use the contraband
was in view of the appellant, and whether the conduct of the appellant
indicated a consciousness of guilt are also considered. Gilbert v. State,
874 S.W.2d 290, 298 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).

 Appellant was the driver and sole occupant of the truck stopped
by Almarez. Appellant admitted to the possession and recent use of
marijuana in the truck. Appellant verbally consented to a search of the
truck. The canister containing the amphetamine was found on top of
a homemade wooden tool box located on the center floorboard "hump"
of the truck, and was accessible to appellant. A search of the truck
resulted in the discovery of marijuana, drug paraphernalia, and a
handgun. This was sufficient evidence from which a rational trier of
fact could have found beyond a reasonable doubt that appellant was
affirmatively linked to the amphetamine. We therefore hold that the
evidence is sufficient to show that appellant possessed the
amphetamine as charged in the indictment. We overrule the point of
error.

 We AFFIRM the judgment of the trial court.

 

 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 31st day of August, 2000.