NO. 07-02-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 22, 2004

_____

RUDOLFO OSCAR ALVAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-06-04080-CR; HONORABLE DAVID WALKER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Rudolfo Oscar Alvarez was convicted by a jury of possession of a controlled substance and punishment was assessed at 20 years confinement. Presenting a sole point of error, appellant contends the trial court erred in not granting a directed verdict due to insufficient evidence. We affirm.

Following surveillance resulting from information that cocaine was being sold at a trailer home located at 2614 Applewood, Conroe Police Officers obtained and executed a search warrant. Once the officers secured the three suspects, a juvenile female in the living room, Ambrosia Cantu in the south bedroom, and appellant in the north bedroom, a search of the residence commenced.

Ira Edward Johnson, an investigator with the district attorney's office, was assigned to assist in the search of the north bedroom. While conducting a thorough sweep of the room he observed an unopened blue Tupperware container. After opening the container, he noticed a brown paper bag with rope handles that contained a blue plastic grocery bag. Inside the grocery bag were two other plastic bags containing an off-white rock-like substance. Johnson testified that with his experience he recognized the substance to be cocaine. Upon the discovery, he alerted Officer Elias Perez, who had obtained the search warrant, and after Perez identified the cocaine, he left the container in its original place until a videotape of the scene could be made.

Several other items connected to appellant were also found in the blue Tupperware container. A Radio Shack receipt, a bank statement, and a payroll stub all bearing his name were found in close proximity to where the cocaine was discovered. A small digital scale commonly used for weighing cocaine and a large quantity of "little baggies" used for packaging cocaine for sale were also inside the container. Appellant was arrested for possession of 264.80 grams of cocaine.

The State's fingerprint expert testified he was given the fingerprint cards of appellant and Ambrosia Cantu to compare with the latent prints taken from the brown paper bag found in the Tupperware container. Appellant's left index fingerprint was identified, but other prints did not have sufficient ridge detail to make a comparison.

A drug chemist for the Texas Department of Public Safety testified that she conducted a scientific exam and a quantitative analysis on the cocaine exhibits. The three exhibits from the bags found inside the Tupperware container totaled 264.80 grams of cocaine. Following presentation of other evidence, appellant was convicted for possession of 200 grams or more but less than 400 of cocaine.

Appellant's sole contention is that the trial court erred in not granting a directed verdict due to insufficient evidence. We disagree. A challenge to the denial of a directed verdict is an attack to the legal sufficiency of the evidence. McDuff v. State, 939 S.W.2d 607, 613 (Tex.Cr.App. 1997), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by

3

more than a "mere modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). The standard of review is the same for direct and circumstantial evidence cases. Butler v. State, 769 S.W.2d 234, 238 (Tex.Cr.App. 1989), *overruled on other grounds*, *Geesa*, 820 S.W.2d at 161.

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses it. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003). The State must prove the accused exercised actual care, custody, control, and management over the contraband and that he knew the substance he possessed was contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). These elements may be established by circumstantial evidence. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Cr.App. 1985). When the accused is not in exclusive possession or control of the place where the contraband is found, the State must prove independent facts and circumstances affirmatively linking him to the contraband–the evidence must establish the accused's connection with the contraband was more than just fortuitous. *Brown*, 911 S.W.2d at 747. An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Id*.

Affirmative links include but are not limited to: (1) the defendant's presence when the search warrant was executed; (2) whether the contraband was in plain view; (3) the

4

defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of the contraband when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; and (12) whether the place the contraband was found was enclosed. Green v. State, 892 S.W.2d 220, 222 (Tex.App.–Texarkana 1995, pet. ref'd); *see also* Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.--Austin 1989, no pet.). Additionally, it is the logical force of the factors individually or combined that determines whether the State's evidence links the accused to the contraband. *Trejo*, 766 S.W.2d at 385.

The defense attempted to show that either Cantu or his girlfriend who was in the living room owned the cocaine.[1] It was not disputed that the residence where the cocaine was found was leased to Cantu. Additionally, testimony from Officer Perez conceded that some evidence linked Cantu to the cocaine; however, the district attorney's office made a decision not to proceed against him at that time because the cocaine was found on the opposite side of the residence from his location at the time of the search. Officer Perez was also allowed to testify that other drug-related federal warrants were pending against Cantu.

---

[1]Proof of joint ownership or possession of a controlled substance is sufficient to support a conviction. *See* McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Cr.App. 1985).

Appellant was not in exclusive control of the residence where the cocaine was found. However, the following affirmative links proved that he knowingly or intentionally possessed the cocaine:

- he was present in the north bedroom of the trailer home when the search warrant was executed;
- the cocaine was found in the north bedroom;
- a latent fingerprint from his left index finger was found on the brown paper bag containing the blue grocery bag in which the cocaine was bundled in plastic bags;
- a Radio Shack receipt, a bank statement, and a payroll stub all bearing his name were found in the blue Tupperware container; and
- paraphernalia such as a digital scale and baggies used for packaging cocaine for sale were found in the container.

The presence of appellant's personal papers inside the container containing the cocaine and the other links generate a reasonable inference that he knew about the cocaine and exercised control over it. Although the evidence is circumstantial, after viewing it in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

6