ACCEPTED
01-14-00877-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/25/2015 3:50:21 PM
CHRISTOPHER PRINE
CLERK

**Appeal No. 01-14-00877-CR**

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/25/2015 3:50:21 PM

CHRISTOPHER A. PRINE
Clerk

**In The First Court Of Appeals**

_____

**FALLON NICOLE WAGNER, Appellant**

**Vs.**

**THE STATE OF TEXAS, Appellee.**

_____

**On Appeal from the 149th Judicial District Court
of Brazoria County, Texas
Cause Number 73035.**

_____

**BRIEF FOR APPELLANT, FALLON NICOLE WAGNER**

_____

Oral Argument Requested

> **Cary M. Faden**
> 77 Sugar Creek Center Blvd., Suite 230
> Sugar Land, Texas 77478
> Telephone: (281) 491-6182
> Facsimile: (281) 491-0049
> Texas Bar No. 06768725
> **E-MAIL: caryfaden@aol.com**
> <u>Attorney for Appellant</u>

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P., Rule 38.1(a), appellant certifies that the following is a complete list of the parties to the final judgment and the names and addresses of counsel in the trial and on appeal:

Appellant:

Fallon Nicole Wagner

Counsel for Appellant:

Lawrence H. Packard, III (at trial)
P. O. Box 1537
Lake Jackson, Texas 77566

Cary M. Faden (on appeal)
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478

Counsel for the State of Texas:

Jeri Yenne
Brian J. Hrach
Brazoria County, Texas
District Attorney
111 East Street, Suite 408A
Angleton, Texas 77515

Trial Judge:

Terri T. Holder

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................ii

TABLE OF CONTENTS...........................................................................................iii

INDEX OF AUTHORITIES......................................................................................iv

STATEMENT OF THE CASE.....................................................................................1

ISSUES PRESENTED................................................................................................3

STATEMENT OF FACTS...........................................................................................4

SUMMARY OF THE ARGUMENT.........................................................................11

ARGUMENT.............................................................................................................12

POINT OF ERROR ONE..........................................................................................12

**THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT.**

PRAYER FOR RELIEF..............................................................................................21

CERTIFICATE OF SERVICE...................................................................................23

# INDEX OF AUTHORITIES

Cases:

*Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) (plurality op.)..................................................................................11,12,13,20,21

*Brown v. State,* 911 S.W.2d 744 (Tex. Crim. App. 1995)...............................................14

*Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001)......................................11

*Chavez v. State,* 769 S.W.2d 284 (Tex. App. - Houston [lst Dist.] 1989, pet. ref'd)............................................................................................................15

*Dewberry v. State,* 4 S.W.3d 735,740 (Tex. Crim. App.1999).....................................13

*Green v. State,* 892 S.W.2d 220 (Tex. App. - Texarkana 1995, pet. ref'd)..............14,15

*Herndon v. State,* 787 S.W.2d 408 (Tex. Crim. App. 1990).........................................15

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781........................................11,12,13,20

*McMillon v. State,* 940 S.W.2d 767 (Tex. App. - Houston [14th Dist.] 1997, pet. ref'd)............................................................................................................14

*McQueen v. State,* 781 S.W.2d 600 (Tex. Crim. App. 1989)......................................15

*Sharp v. State,* 707 S.W.2d 611,614 (Tex. Crim. App.1986)......................................13

*Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)............................12,14

Rules, Statutes, Codes:

Tex. Health & Safety Code , section 481.115................................................................14

Tex. R. App. Proc., Rule 38.1................................................................ii

Appeal No. 01-14-00877-CR
_____


In The First Court Of Appeals

_____


FALLON NICOLE WAGNER, Appellant

Vs.

THE STATE OF TEXAS, Appellee.

_____


On Appeal from the 149th Judicial District Court
of Brazoria County, Texas
Cause Number 73035.
_____


## BRIEF FOR APPELLANT, FALLON NICOLE WAGNER

To The Honorable Justices of the First Court of Appeals:

Comes now appellant, Fallon Nicole Wagner, by and through her attorney of record, Cary M. Faden, and files this her brief to set aside the October 22, 2014, judgment of the 149th Judicial District Court of Brazoria County, Texas in Cause Numbers 73035, and would respectfully show the Court:

STATEMENT OF THE CASE

On April 17, 2014, Appellant, was indicted for the state jail degree felony

1

offense of Possession Of A Controlled Substance-Enhanced; (1 CR at 5). The offense was alleged to have occurred on or about February 26, 2014. (1 CR at 5). On October 20, 2014, Appellant pleaded not guilty to the indictment. (3 RR at 4). After a jury trial, the jury assessed Appellant's punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for a period of eight years Texas Department of Criminal Justice-Institutional Division, with a $1,000.00 fine. (2 CR at 4). On October 28, 2014, Appellant timely filed her notice of appeal. (1 CR at 60).

## ISSUES PRESENTED

## POINT OF ERROR ONE

**THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT.**

## STATEMENT OF FACTS

On April 17, 2014, Appellant was indicted in the 149th Judicial District Court

in cause number 73035. That indictment alleged that, on or about February 26, 2014,

in Brazoria County, Appellant did:

> then and there intentionally or knowingly possess a controlled substance
> listed in Penalty Group One (1), namely, methamphetamine, and the
> amount of said controlled substance was, by aggregate weight, including
> any adulterants and dilutants, less than one (1) gram;

### ENHANCEMENT PARAGRAPHS

> AND THE GRAND JURORS AFORESAID do further present that
> before the commission of the offense alleged above, on or about the 31st
> day of August, 2006, in Cause number 50878, in the 23rd Judicial
> District Court of Brazoria County, Texas, the defendant was convicted
> of the felony of Possession of a controlled substance;
>
> AND THE GRAND JURORS AFORESAID do further present that
> before the commission of the offense alleged above, on or about the 28th
> day of June, 2010, in Cause Number 1182164, in the 179th S.T.A.R.
> District Court of Harris County, Texas, the defendant was convicted of
> the felony of Possession of a Controlled Substance.
> (1 CR at 5).

A venire of approximately sixty (60) persons, was subjected to voir dire

examination. (4 RR at 12-151). The jury of twelve (12) was selected and seated, with

no further objection. (4 RR at 147). The jury was sworn. (4 RR at 147). Appellant was

arraigned on the indictment and entered a plea of not guilty. (3 RR at 4).

At trial, the State called Eric C. Edwards, working for Manvel Police

4

Department, as a night-shift patrol officer. On February 26, 2014, around the time of 1:42 a.m., his attention gravitated towards a vehicle with hazard lights on in a moving lane of traffic, the inside lane. He was traveling southbound. It was a silver Ford Focus. It was in the inside lane closest to the median. He stopped and then initiated his emergency back lights and directional lights. When he does not turn on the full range of lights, his camera does not activate. The camera was not activated. He made entry to the front, the front driver's side of the vehicle. It was more of a welfare concern. He approached the vehicle and made contact with the defendant. He noticed her head was slumped over as if she may have been asleep. So he gently knocked on the window to get her attention; and once she rolled the window down, he could smell a odor of alcohol emanate outside of the vehicle. She responded she was coming from Houston. She just said she was at a club in Houston with a friend. She planned on going to Katy, Texas. Katy, Texas, is nowhere close to 288 southbound. He claimed she was possibly an intoxicated or inebriated person. This time he asked the defendant how much have she had to drink. She advised that she had two drinks. Her movement was somewhat exaggerated. She tried to get to her purse. She didn't seem to know where anything was at. She also seemed to be a little bit confused and disoriented about what was going on. He noticed glossy and bloodshot eyes. He noticed every time she talked her speech was very slurred. He asked her could she

5

step out of the motor vehicle. She just couldn't find her shoes and she eventually found one shoe in the front of the vehicle; and as she exited, she found a second one, he found a second one as she was searching behind the driver's seat. He did field sobriety tasks, called them standardized field sobriety tests, which consist of three different tests. One test is called a Horizontal Gaze Nystagmus, where we check eyes for any impairment of intoxication. Another test that determines your physical and mental capacities. It's called a Walk-and-Turn, where we give you instructions and we ask you to follow those instructions and then you walk. The second test is called a One-Leg Stand, where we're asking, we're asking the person to stand on one leg, the leg that's, they are most comfortable with and we ask them to count until we tell them to stop counting. She did not perform the tasks well in his opinion, he felt she was a poly drug user, a combination of alcohol and maybe another substance that he couldn't determine. He claimed he could smell alcohol coming off of her body. After he claimed her failure of the sobriety tests, he asked the defendant to put her hands behind her back, handcuffed her and advised her she was going to be arrested for driving while intoxicated. Upon inventorying the vehicle, he searched the front. He went through the back and kind of came at a angle and saw this silver gift box. And opened the gift box to see if there's anything that's of monetary value and discovered some very small crystal-like substance that was in there, rock-like substance, which

6

eventually was tested to be methamphetamines from a test kit. It was in a transparent, small baggie. There was a purple E&J package. E&J comes with a purple bag; and inside that bag, he located some contraband. One looked like a smoking pipe and the other thing was, it had some pills in it. Because we found what we thought at the time could be drugs, when we found the crystal substance. Inside the purse, there was found some pills. Quetiapine, which is a antipsychotic drug. Found near the front seat, passenger floorboard was a bottle filled with E&J brandy. (4 RR at 161-190).

**VOIR DIRE EXAMINATION** BY MR. PACKARD: the witness testified that he bagged these as evidence, and when we say "bagged," that means you put them in bags. Once they were bagged and labeled, when they were labeled and bagged, he placed them into the Manvel vault. MR. PACKARD: All right. Your Honor, I'm going to object on the grounds, one, of relevancy; two, that Officer Edwards doesn't have the personal knowledge required to have these admitted into evidence. In other words, the proper predicate hasn't been laid. MR. HRACH: He testified, Your Honor, that those were the same items that he took into custody that are here today, marked, bagged by that department; and we have established the beginning and end of the chain of custody to the courtroom. THE COURT: Okay. I'm going to sustain the objection for now until you put on some more chain of custody. THE COURT: So for purposes of where we are right now in the testimony, I'll sustain that objection. (4 RR

7

at 190-196).

Direct examination continued, at the Manvel Jail, already having testing the subject, it was positive for crystal meth. He decided to at least go inside of the jail cell and ask the subject what was the contents in the little plastic baggie, and she had told him it was crystal meth. (4 RR at 203-210).

Cross examination, he testified that when he first stopped Ms. Wagner it was in an active traffic lane in the highway but it wasn't videoing in his patrol car. The vehicle as maybe a vehicle that was stalled or stranded. So for safety purposes he activated his directional, yellow lights on the vehicle. When he activated those, it did not activate the camera; and it also activated my back lights on the back of my vehicle. Only when he activate it's a toggle switch, activate it on fully then the lights and the camera activates. (44 RR at 210-229). Cross examination continued, the vehicle Appellant was found was not registered to Fallon Wagner. (5 RR at 6-21).

The State called Paul Van Dorn, he works for the Brazoria County Sheriff's Office Crime Laboratory as the laboratory director/lead chemist there. In this case he did two presumptive tests. One was a microcrystalline test. One was an odor test. In this case those crystals appeared to be methamphetamine crystals. The confirmatory testing we normally do is gas chromatography-mass spectroscopy[sic], or GC-MS for short. That gives us an ion fragmentation pattern or spectra, if you will, that we can

8

compare to library spectra to determine if what we have is a match for a compound that's in our libraries. He looked at evidence submission bag containing a Ziploc -- approximately 1 inch by 1 inch Ziploc, clear, plastic bag. It's labeled No. 4; my initials, PVD; the date, 10/16/14 was when I removed it and did my analysis. On the front of the bag, it has the Manvel Police Department sticker. It also as a bar code on there that our laboratory placed on there indicating which laboratory number we assigned it when we received it, and that laboratory number is BCCL-14-0569. State's Exhibit No. 6, the material inside the approximately 1-inch Ziploc Baggie weighed .0832 grams when he removed that from that Baggie; and my confirmation testing indicated a presence of methamphetamine. (5 RR at 22-31).

Cross examination of Van Dorn, who said .08 whatever, that's eight hundredths of a gram. In his opinion it's methamphetamine, and his report says it was .0832 grams. (5 RR at 31-39). The State rested. (5 RR at 41).

Appellant re-called Eric C. Edwards, who identified drug paraphernalia, also known as smoking pipes. The street name normally is crack pipes, but it's some pipes used to smoke any type of drug, like crack cocaine, methamphetamines. You put the Brillo Pad in. You can put the meth on top. You take a cigarette lighter from the bottom. You flick it on and you burn it and you start to blow out. (5 RR at 46-52).

Cross examination, he was shown the pipe. Edwards was asked in your

9

knowledge or opinion of those three things that are up there, the crack pipe; and what you're now saying a bowl, calling that a marijuana pipe; and the diagram that was introduced to you, call the only meth pipe. Appellant rested. (5 RR at 71). The State and Appellant both rested and closed. (5 RR at 71). A charge conference was held on the record as to the charge on guilt/innocence, wherein the State had the suggestion for the voluntary intoxication charge, Appellant made the objection that the voluntary intoxication charge was not required, the Court sustained said objection. (5 RR at 71-72). Appellant was found guilty by the jury. (5 RR at 100).

At punishment the State called Marcey Farley, who was called to authenticate Appellant's prior felony convictions. (5 RR at 109-124). The State rested as to punishment. (5 RR at 124).

Appellant called Linda Wagner, who provided character evidence. (5 RR at 129-142). Appellant rested as to punishment. (5 RR at 142).

10

## SUMMARY OF THE ARGUMENT

Point of Error One:

The evidence adduced was insufficient to find that Appellant committed the offense of possession of a controlled substance. Thus, there was a reasonable doubt as to whether Appellant was guilty of possession of a controlled substance, and the evidence was insufficient to find Appellant guilty. Applying, *Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) (plurality op.); *id.* at *926* (Cochran, J., concurring). *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781. *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

# ARGUMENT

## APPELLANT'S POINT OF ERROR ONE:

## THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT.

**Sufficiency**

In this issue, Appellant challenges the legal sufficiency of the evidence to support his convictions. The Court of Criminal Appeals has held that only one standard should be used in a criminal case to evaluate the sufficiency of the evidence to support findings that must be established beyond a reasonable doubt: legal sufficiency. *Brooks v. State,* 323 S.W.3d 893,894-95 (Tex. Crim. App. 2010) (plurality op.); *id.* at *926* (Cochran, J., concurring). Accordingly, the review of the sufficiency of the evidence in this case is under a rigorous and proper application of the legal sufficiency standard of *Jackson v. Virginia,* 443 U.S. 307 (1979). *Brooks,* 323 S.W.3d at *906.* When reviewing the sufficiency of the evidence, it is proper to view all of the evidence in the light most favorable to the verdict to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Brooks,* 323 S.W.3d at *899; Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). This court will not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Brooks,* 323 S.W.3d at 901-02. This Court will defer to the fact finder's

resolution of conflicting evidence unless the resolution is not rational. *Brooks,* 323 S.W.3d at 902 n.19, 907. Appellant argues the evidence is legally insufficient to support his conviction. The Court of Criminal Appeals has held that only one standard should be used to evaluate the sufficiency of the evidence in a criminal case: legal sufficiency. *Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App.2010) (plurality opinion); *id.* at 926 (Cochran, J., concurring). Accordingly, the review of the sufficiency of the evidence in this case under a proper application of the *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), legal sufficiency standard. *Brooks,* 323 S.W.3d at 905 (plurality opinion).

**Standard of Review**

When reviewing the sufficiency of the evidence, the view is to all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.* at 898. This court will not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *Id.* at 901; *Dewberry v. State,* 4 S.W.3d 735,740 (Tex. Crim. App.1999); *see also Sharp v. State,* 707 S.W.2d 611,614 (Tex. Crim. App.1986) (stating the jury may choose to believe or disbelieve any portion of the testimony at trial). The duty as a reviewing court is to ensure that the evidence presented actually supports a conclusion that the

defendant committed the crime. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App.2007).

***Possession Of A Controlled Substance***.

***Tex. Health & Safety Code , section 481.115***.

To support a conviction for possession of a controlled substance, the State must show that the accused exercised actual care, custody, or control over the substance, that she was conscious of her connection with it, and that he possessed the substance knowingly or intentionally. *Brown v. State,* 911 S.W.2d 744 (Tex. Crim. App. 1995). The State must establish that the accused's connection with the substance was more than just fortuitous. When the contraband is not found on the accused's person or it is not in his exclusive possession, additional facts must affirmatively link him to the contraband. *McMillon v. State,* 940 S.W.2d 767 (Tex. App. - Houston [14th Dist.] 1997, pet. ref'd); *Green v. State,* 892 S.W.2d 220 (Tex. App. - Texarkana 1995, pet. ref'd).

The factors to be considered in determining whether an affirmative link exists are: (1) the defendant's presence when the search warrant was executed; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or

14

narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; and (12) whether the place the drugs were found was enclosed. *Green v. State,* 892 S.W.2d at 220 (Tex. App. Texarkana 1995, pet. ref'd); *Chavez v. State,* 769 S.W.2d 284 (Tex. App. - Houston [lst Dist.] 1989, pet. ref'd).

Appellant argues that the evidence is insufficient to prove that she had care, custody, or control over the contraband or that he had knowledge of its presence. She points out that mere presence, by itself, at the scene of the search or in the said automobile is not enough to support a conviction for possession of a controlled substance. *Herndon v. State,* 787 S.W.2d 408 (Tex. Crim. App. 1990). Further, Appellant argues that other people had access to the automobile where the controlled substance was found, and that the only evidence linking her to the contraband is the container or silver gift box found in the automobile where the controlled substance was found.

In *McQueen v. State,* 781 S.W.2d 600 (Tex. Crim. App. 1989), the Court Of Criminal Appeals stated that analysis of criminal conduct varies according to the

"conduct elements" of the offense. Specifically, the Texas Penal Code, Sec. 6.03 delineates three "conduct elements" which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. Any offense may contain any one or more of these "conduct elements" which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential "conduct elements" to which a culpable mental state must apply.

Appellant's contentions indicate that the evidence does not show several affirmative links between her and the substance. First, she was in the automobile and at the place searched at the time of the search. There was no evidence admitted showing Appellant was the owner of the automobile in which the controlled substance was found nor proven by the State. The controlled substance was allegedly found at or near Appellant's person, never proven by the State. Appellant argues the State's argument hinges on the allegation that Appellant had the controlled substance at or near his person at the time of the search. There was no evidence presented that Appellant had access to the controlled substance and sole control over the automobile as its operator but not owner. Thus, this Court can not find adequate affirmative links between Appellant and the controlled substance, and thus the evidence is legally insufficient to support her conviction.

16

At trial Eric C. Edwards, working for Manvel Police Department, as a night-shift patrol officer testified, on February 26, 2014, around the time of 1:42 a.m., his attention gravitated towards a vehicle with hazard lights on in a moving lane of traffic, the inside lane. He was traveling southbound. It was a silver Ford Focus. It was in the inside lane closest to the median. He stopped and then initiated his emergency back lights and directional lights. When he does not turn on the full range of lights, his camera does not activate. The camera was not activated. He made entry to the front, the front driver's side of the vehicle. It was more of a welfare concern. He approached the vehicle and made contact with the defendant. He noticed her head was slumped over as if she may have been asleep. So he gently knocked on the window to get her attention; and once she rolled the window down, he could smell a odor of alcohol emanate outside of the vehicle. She responded she was coming from Houston. She just said she was at a club in Houston with a friend. She planned on going to Katy, Texas. Katy, Texas, is nowhere close to Katy, 288 southbound. He claimed she was possibly an intoxicated or inebriated person. This time he asked the defendant how much have she had to drink. She advised that she had two drinks. Her movement was somewhat exaggerated. She tried to get to her purse. She didn't seem to know where anything was at. She also seemed to be a little bit confused and disoriented about what was going on. He noticed glossy and bloodshot eyes. He

17

noticed every time she talked her speech was very slurred. He asked her could she step out of the motor vehicle. She just couldn't find her shoes and she eventually found one shoe in the front of the vehicle; and as she exited, she found a second one, he found a second one as she was searching behind the driver's seat. He did field sobriety tasks, called them standardized field sobriety tests, which consist of three different tests. One test is called a Horizontal Gaze Nystagmus, where we check eyes for any impairment of intoxication. Another test that determines your physical and mental capacities. It's called a Walk-and-Turn, where we give you instructions and we ask you to follow those instructions and then you walk. The second test is called a One-Leg Stand, where we're asking, we're asking the person to stand on one leg, the leg that's, they are most comfortable with and we ask them to count until we tell them to stop counting. She did not perform the tasks well in his opinion, he felt she was a poly drug user, a combination of alcohol and maybe another substance that he couldn't determine. He claimed he could smell alcohol coming off of her body. After he claimed her failure of the sobriety tests, he asked the defendant to put her hands behind her back, handcuffed her and advised her she was going to be arrested for driving while intoxicated. Upon inventorying the vehicle, he searched the front. He went through the back and kind of came at a angle and saw this silver gift box. And opened the gift box to see if there's anything that's of monetary value and discovered

18

some very small crystal-like substance that was in there, rock-like substance, which eventually was tested to be methamphetamines from a test kit. It was in a transparent, small baggie. There was a purple E&J package. E&J comes with a purple bag; and inside that bag, he located some contraband. One looked like a smoking pipe and the other thing was, it had some pills in it. Because we found what we thought at the time could be drugs, when we found the crystal substance. Inside the purse, there was found some pills. Quetiapine, which is a antipsychotic drug. Found near the front seat, passenger floorboard was a bottle filled with E&J brandy. (4 RR at 161-190).

**VOIR DIRE EXAMINATION** BY MR. PACKARD: the witness testified that he bagged these as evidence, and when we say "bagged," that means you put them in bags. Once they were bagged and labeled, when they were labeled and bagged, he placed them into the Manvel vault. MR. PACKARD: All right. Your Honor, I'm going to object on the grounds, one, of relevancy; two, that Officer Edwards doesn't have the personal knowledge required to have these admitted into evidence. In other words, the proper predicate hasn't been laid. MR. HRACH: He testified, Your Honor, that those were the same items that he took into custody that are here today, marked, bagged by that department; and we have established the beginning and end of the chain of custody to the courtroom. THE COURT: Okay. I'm going to sustain the objection for now until you put on some more chain of custody. THE COURT: So for

19

purposes of where we are right now in the testimony, I'll sustain that objection. (4 RR at 190-196).

Direct examination continued, at the Manvel Jail, already having testing the subject, it was positive for crystal meth. He decided to at least go inside of the jail cell and ask the subject what was the contents in the little plastic baggie, and she had told him it was crystal meth. (4 RR at 203-210).

Cross examination, he testified that when he first stopped Ms. Wagner it was in an active traffic lane in the highway but it wasn't videoing in his patrol car. The vehicle as maybe a vehicle that was stalled or stranded. So for safety purposes he activated his directional, yellow lights on the vehicle. When he activated those, it did not activate the camera; and it also activated my back lights on the back of my vehicle. Only when he activate it's a toggle switch, activate it on fully then the lights and the camera activates. (44 RR at 210-229). Cross examination continued, the vehicle Appellant was found was not registered to Fallon Wagner. (5 RR at 6-21).

Again, the Texas Court of Criminal Appeals determined that the *Jackson v. Virginia* standard is the only standard a reviewing court should apply to determine whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.). Accordingly, under current Texas

law, in reviewing Appellant's issues the Court will apply the *Jackson v. Virginia* standard and do not separately refer to legal or factual sufficiency.

All of the evidence is viewed in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt, *Brooks,* 323 S.W.3d at 902. The Court will defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *Brooks,* 323 S.W.3d at 907. Under the review of the evidence required by *Brooks,* even in the light most favorable to the verdict, a rational jury could not conclude that this evidence is such as to permit it to find beyond a reasonable doubt that Appellant did then and there intentionally or knowingly possess a controlled substance listed in Penalty Group One (1), namely, methamphetamine, and the amount of said controlled substance was, by aggregate weight, including any adulterants and dilutants, less than one (1) gram. The conviction should be reversed and this Court should render a judgment of acquittal.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Appellant, Fallon Nicole Wagner, prays that this Court would reverse Appellant's conviction, remand the matter to the trial court for a new trial. Further, Appellant prays for any and all other relief to which Appellant may be entitled in law and equity.

21

Respectfully submitted,

**/S/CARY M. FADEN**
**Cary M. Faden**
77 Sugar Creek Center Blvd., Suite 230
Sugar Land, Texas 77478
Telephone: (281) 491-6182
Facsimile: (281) 491-0049
Texas Bar No. 06768725
**E-MAIL: caryfaden@aol.com**

Attorney For Appellant

## CERTIFICATE OF COMPLIANCE, T.R.A.P., RULE 9.4(3)

In accordance with TEX. R. APP. P. 9.4(3), I Cary M. Faden, certify that this is a computer generated document and I state that the number of words in this document is approximately 5,138 words. I am relying on the word count of the computer program used to prepare this document.

**/S/CARY M. FADEN**
**Cary M. Faden**

## CERTIFICATE OF SERVICE

In accordance with TEX. R. APP. P. 9.5, I Cary M. Faden, certify that a true and correct copy of the foregoing brief for appellant has been served, by hand delivery, and/or by U.S. Mail, and/or by facsimile transmittal, to Fallon Nicole Wagner, to the attorney for the State Of Texas, Jeri Yenne, District Attorney, 111 East Locust Street, Room 408A, Angleton, Texas 77515, on this 27th day of March, 2015.

*/S/CARY M. FADEN*
**Cary M. Faden**